———o———

· JOHN ALLISON, Executor, etc., Respondent, *vs.* L. CHANEY, *et al.*, Appellants.

1. *Will, construction of—Distribution of estate—Per stirpes.*—A will contained the following bequest: "To my son A. all of my real estate, being one hundred and ninety-four acres of land valued at $20 per acre; he paying to my other children and grandchildren the bequest hereinafter made to them." Then follow separate bequests to his children B. & C. of one-fourth part of his estate and "also $400 to equalize what I have heretofore given to my son John," and a like bequest to his grandchildren D. & E. naming them together. Following these bequests was this clause, "I will that my son A. can at his option keep the real estate at the price valued, or sell the same and pay and distribute the proceeds as heretofore provided;" also a provision that the personalty should be divided between his "children and grandchildren in equal portions in accordance with the foregoing provisions."

It appeared that the whole estate real and personal aggregated only $4,359; that if the whole were distributed in four equal parts among the children and grandchildren, and A. were compelled to pay over $1,200 additional to the remaining 'legatees, he would be practically disinherited.

| 63 | 279 |
|----|-----|
| 102 | 123 |
| 63 | 279 |
| 103 | 157 |
| 63 | 279 |
| 47a | 380 |
| 63 | 279 |
| 149 | 336 |
| 63 | 279 |
| 152 | 507 |

*Held*, that the testator's intention was to invest the real estate in A. on the payment by him of the sums named in the bequests to the other children and grandchildren ; and that the grandchildren took the personalty *per stirpes* and not *per capita*.

2.  *Wills—Intention of testator to be gathered from whole scope of instrument.*— In construing wills the object is to reach the intention of the testator which is to be gathered not from single words, nor single passages, but from a consideration of the whole instrument and the general design and scope of it.

*Appeal from Cooper County Circuit Court.*

*Draffen & Williams, with A. W. Anthony*, for Appellants.

*Hayden & Tompkins*, for Respondent.

NORTON, Judge, delivered the opinion of the court.

Respondent, as the executor of the last will of Greenberry Allison, deceased, presented his final settlement to the probate court of Cooper county, which was approved by the court, and an order made distributing the estate to the devisees of said Greenberry Allison. From this judgment and order of distribution, L. Chaney and other devisees appealed to the circuit court of Cooper county. Upon a trial *de novo* in the circuit court, the judgment and order of distribution, made by the probate court, were approved and affirmed. From this judgment appellants have appealed to this court.

The record shows that Greenberry Allison died possessed of real estate valued by himself at $3,880, and personal estate amounting to $479.20 ; that at the time of his death there were living John Allison, Lucinda Chaney, two of his children, and Susan Allison, widow of decedent's son Loret, and Joseph W. Allison, Henderson A. Allison, and Mary E. DeWitt, grandchildren ; that decedent left a will which was duly admitted to probate containing the following provisions :

"1st. I give and bequeath to my son, John Allison, all of my real estate, being one hundred and ninety-four acres of land, situate in the county of Cooper, in the State of Missouri, valued at twenty dollars per acre, or three thousand eight hundred and eighty dollars, and he, the said John Allison, paying to my other children and grandchildren the bequest hereinafter made to them.

"2d. I give and bequeath to my daughter, Lucinda Chaney, the one-fourth part of my estate ; also, four hundred dollars to equalize what I have heretofore given my son, John Allison.

"3d. I give and bequeath to Susan Allison, widow of my son, Loret Allison, deceased, the one-fourth part of my estate; also, four hundred dollars to equalize what I have heretofore given my son, John Allison, except hereinafter provided, during or as long as she remains the widow of said Loret Allison ; and in case she marries or dies the bequest is to be distributed to their children— that is, the children of said Loret.

"4th. I give and bequeath to Joseph W. and Henderson A. Allison, my grand-children, one-fourth part of my estate ; also, four hundred dollars additional to equalize what I have heretofore given my son, John Allison ; and I further bequeath to my grand-daughter, Mary E. DeWitt, the sister of said Joseph W. and Henderson A. Allison, twenty dollars, to be deducted out of the bequest to the aforesaid grand-sons.

"5th. I will that my son, John Allison, can, at his option, keep the real estate at the price valued, or sell the same and pay and distribute the proceeds as heretofore provided.

"6th. I will and direct that the personal estate, goods and moneys, if any, that I may be seized at the time of my death, after the payment of my debts and funeral expenses, shall be divided between my children and grand-children in equal portions, in accordance with the foregoing provisions of this, my will."

This will was construed by the court below so as to invest the real estate of the testator in his son, John Allison, upon the payment by him of four hundred dollars to the legatees as provided in the clauses 2, 3 and 4 of said will ; and it was also so construed as to require the grand-children to take *per stirpes* and not *per capita* of the personal estate under clause 6 of the will.

It is insisted by appellants that the court erred in thus construing the will, and that according to its terms and the intent of the testator, the legatees named in clauses 2, 3 and 4 of said will were entitled to receive one-fourth part of the land devised

to John, in clause one, and four hundred dóllars in addition thereto.

It is urged in support of this view, that the testator's intention was to divide his estate equally among his children and grand-children, and it is argued that the construction given to the will by the court below would defeat this intention. We do not concur in this view.

The testator, in the first clause of his will devised to his son, John, all his real estate, subject only to the condition that he pay the bequests to his other children and grand-children thereinafter made to them. The second, third and fourth clauses give to the respective legatees named therein, one-fourth part of his estate, and the additional sum of four hundred dollars to equalize what he had heretofore given his son, John. If the construction insisted upon by appellants should be given to the second, third and fourth clauses of the will, it would make them wholly inconsistent with the first clause, and the devise contained therein of all testator's real estate to his son John would fail and become a nullity.

The whole estate devised, both real and personal, aggregated in value the sum of $4,359.20. Apply the construction of the will insisted upon by appellants to the distribution of the estate, and Lucinda Chaney and Susan Allison would each receive $1,089.80, that being the one-fourth part of the estate, and Joseph W. and Henderson A. Allison would receive jointly $1,-089.80, in addition to which Lucinda Chaney and Susan Allison, would each receive $400, and Joseph W. and Henderson A. Allison would receive jointly $400. These amounts being added aggregate the sum of $4,469.40, making an excess of $110,20, over the fund out of which the payments were to be made. This would practically disinherit John, and leave the whole estate exhausted and $110.20 to be paid, and no fund out of which to pay it.

This construction is too narrow, and would defeat the intention of the testator, if his intention was to divide his estate equally.

In construing wills the object is to reach the intention of the testator, which is to be gathered not from single words nor sin-

gle passages, but from a consideration of the whole instrument, and the general design and scope of it. The 2d, 3d and 4th clauses should be construed in connection with the first, and construing them together we arrive at the conclusion that the testator in the first clause disposed of all his real estate to his son John, charging him with the payment of the bequests made in clauses two, three and four. The words " one-fourth part of my estate," as they occur in the clauses last above named, relate only to that portion of testator's estate not disposed of in the first clause, and inasmuch as in the first clauses of the will all of the real estate had been devised, there was no other than personal estate left for the word " estate," as it occurs in the 2d, 3d and 4th clauses, to operate upon.

The word " heretofore" as used in clauses two, three and four, was doubtless used by the testator in the sense of hereinbefore. The same word was most unquestionably used by him in that sense in the 5th clause of the will.

It is argued by appellants that this construction would give to John property valued at $3,880, less the $1,200 which he would be required to pay the other children and grandchildren, thus giving to him $2,680 while each of the other children would receive but $400. This would undoubtedly be the effect in the distribution under the will, but would approximate equalization among the children of decedent more nearly than by the construction contended for by appellants.

It was evidently the design of the testator to distribute his estate equally, and he undertook in his will to do it, and doubtless did so to his satisfaction. The words " four hundred dollars to equalize what I have heretofore given my son John," which are found in clauses two, three and four, refer to what had been given him in the first clause of the will, and the testator in all probability, considering what he may have given to his children Lucinda Chaney, Loret Allison and the ancestor of his grandchildren at the time of their marriage and before and after, arrived at the conclusion that the sum of four hundred dollars each in addition to what they may have received before as above indicated, would be sufficient to equalize them with John and John

Parish v. M., K. & T. R. R. Co.

with them ; in other words, that the devise to John of all his real estate produced an inequality, in the distribution of his estate, which inequality, in the judgment of the testator, would be broken down and made equal by the payment by John of $1,200, which he required him to pay both by the terms of the first as well as the 2d, 3d and 4th clauses of his will. The sixth clause provides that after payments of debts, &c., the personal estate " shall be divided among the children and grandchildren in equal portions in accordance with the foregoing provisions of the will ;" and as the foregoing provisions of the will required the grandchildren to take *per stirpes*, we are of opinion that the circuit court committed no error in distributing the personal estate to the grandchildren *per stirpes* and not *per capita*.

Judgment affirmed, the other judges concurring.