Suydam v. Thayer.

SUYDAM v. THAYER *et al.;* JACKSON COUNTY *et al.,*
*Plaintiffs in Error.*

1. **Will, Construction of**: REVERSION. A testator provided in his will, that his estate should go to his son, but if the latter should die without issue, it should pass for life to a brother of the testator, and that the reversion should go to the establishment of a school to teach the doctrines of Thomas Jefferson. The will further provided that, in case the brother died before the son, and in case the son should die without issue before coming of age, the estate should go to establish the aforesaid school ; the will stating in express terms that the reversions should all be dependent upon the son's death before he should have issue to inherit. The evidence showed that the son survived his father, and having attained his majority, married, and there was born to him one child, that his wife and child are both dead, and that the said son is still living. *Held,* that, as the death of the son without issue before he arrived at full age, on the happening of which the estate was to pass over and be applied to the establishment of the school, can never happen, an absolute estate in the property vested in the son.

2. ———— : ———— : TECHNICAL RULES, WHEN DISREGARDED. Technical rules, when they stand in the way of the manifest intention of the testator, may be disregarded in the construction of wills.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL,
Judge.

AFFIRMED.

*B. L. Woodson* for Jackson County *et al.*, plaintiffs in error.

(1) Under the will of William A. Hopkins, deceased, Charles G. Hopkins had the power to sell and dispose of the lot of ground here in question ; but did not do so. Charles G. Hopkins claimed title to said lot from Sands W. Hopkins, his nephew, under deed bearing date September 11, 1879. Said Sands W. Hopkins did not attain his age of majority until November, 1879. This deed from ward to guardian is not affirmed or ratified by any subsequent deed from Sands W. Hopkins, after attaining his majority. And, therefore, ought not to be sustained by the courts as against the public. (2) A fair construction of the will and codicil of William A. Hopkins, deceased, shows the intent of said William A. Hopkins to be, that if his son, Sands W. Hopkins, should die without issue, living at the time of his death, and capable of inheriting at said time, then the real estate conveyed to inure for the benefit of the public for the establishment of a Jeffersonian school at Kansas City, Missouri. Sands W. Hopkins is now living and unmarried. The fee of said lot is, therefore, contingent upon a future event. No order or decree should be made in this cause whereby the interest of the public in the fund arising from the sale of this lot should be destroyed or impaired ; all present and possible future interest of the public in and to said fund should be by this court determined and by its order properly protected.

*J. F. Mister* and *Dobson, Douglass & Trimble* for defendants in error.

(1) The construction of the will set up in the answer of Charles G. Hopkins carries out the manifest purpose of the testator ; is supported by principle and authority

and the merits of the case ; and is the only reasonable construction to be given it. Whether a general intent or particular intent, expressed in the will, is to prevail, must depend upon the context of the whole will, in considering which words of a technical kind are not necessarily to receive a technical meaning. *Jenkins v. Hughes*, 8 H. L. Cas. 571 ; 1 Redfield on Wills, 429, note ; *Holcombe v. Lake*, 4 Zab. [N. J.] 686 ; *Van Vechter v. Pearson*, 5 Paige [N. Y.] 512 ; *Harrison v. Bowe*, 3 Jones Eq. [N. C.] 478 ; *Robertson v. Johnson*, 24 G. 102 ; *Janney v. Sprigg*, 7 Gill [Md.] 197 ; *Baxter v. Baxter*, 122 Mass. 87 ; *Murphy v. Black*, 44 Iowa, 176 ; *Wright's Appeal*, 89 Pa. St. 66 ; *Beck's Appeal*, 28 P. F. Smith [Pa.] 432 ; *Eberts v. Eberts*, 42 Mich. 404 ; *Van Pretres v. Cole*, 73 Mo. 79 ; *Allison, Ex'r, v. Chaney*, 63 Mo. 282 ; *Smith v. Hutchinson*, 61 Mo. 87 ; *Carr v. Dings*, 58 Mo. 406 ; *Mead v. Jennings*, 46 Mo. 93 ; *Rose v. McHose*, 26 Mo. 590 ; *Collier's Will*, 40 Mo. 321 ; *Peters v. Carr*, 16 Mo. 54 ; *Dugan v. Livingston*, 15 Mo. 230 ; *Russell v. Eubanks*, 84 Mo. 82 ; Schouler on Wills, (1887), secs. 462–463 ; *Stimson v. Vroman*, 99 N. Y. 74 ; *Clarke v. Boorman*, 18 Wall. [U. S.] 493 ; *Bosley v. Bosley*, 14 How. [U. S.] 390 ; *Hitchcock v. Hitchcock*, 35 Pa. St. 393 ; *Brown v. Bartlett*, 58 N. H. 571 ; *Phillips v. Davis*, 92 N. Y. 199 ; *Butler v. Huestis*, 68 Ill. 594. Any mere rule of construction may be overborne by the well-declared purpose of his will. Schouler on Wills, sec. 462. His intention is paramount. (2) There is a numerous class of cases where an estate limited to one, and to pass over, in the event of such person dying before the age of majority, or without issue, where it has been long settled, to give or the force of and, and to hold that if the first devisee attain the age limited the estate becomes absolute in him, and that in order to its passing over he must die without age and without issue. 1 Redf. on Wills, 473, par. 48, note 6 ; 1 Jarm. on Wills, 472 ; *Soulle v. Gerrard*, Croz. Eliz. 525 ; *Barker v.*

*Sureties*, 2 Strange, 1175; *Price v. Hunt*, Pallex, 645; *Walsh v. Peterson*, 3 Atkins, 193; *Farmlingham v. Brunk*, 3 Atkins, 390; *Burrill v. Kemp*, 3 Tenn. 470; *Fairfield v. Mergon*, 5 Bos. & P. 38; *Doed v. Burnsall*, 6 Tenn. 34; *Eastman v. Baker*, 1 Taunton, 174. (3) But where the devise is made dependent on the condition that the first devisee shall die under age, unmarried, and without issue, all these events must concur to defeat the estate. And when the estate is made to depend upon the devisee dying during the lifetime of another (as in this case, as to the school), or under twenty-one, and without leaving issue, the word "or" must be read "and." 1 Redf. Law of Wills, p. 474, par. C, note 10; *Miles v. Dyer*, 5 Sim. 472; s. c., 8 Sim. 30; *Doe v. Cook*, 7 East, 269; *Hasker v. Sutton*, 1 Bing. 500; *Read v. Snell*, 2 Atkins, 642; *Key v. Key*, 1 Jar. [N. S.] 372; 1 Jarm. on Wills, 473; *Grey v. Pearson*, 6 H. L. Cas. [N. S.] 61. (4) Extrinsic evidence of the circumstances, situation, and surroundings of the testator is admissible to place the court in the position of the testator; but intention contrary to writing cannot be shown in evidence. *Griscom v. Every*, 40 N. J. [Law] 404; Wigram on Wills, sec. 9; 2 Taylor on Evidence, sec. 182; 1 Greenl. Evid., sec. 287, note 1 to page 289; *Hiscock v. Hiscock*, 5 M. & W. 363; *Hawman v. Thomas*, 44 Md. 43; *Hammond v. Hammond*, 55 Md. 575; *Tucker v. Seamen's Aid Soc.*, 7 Metcalf [Mass.] 205; *Allen's Ex'r v. Allen*, 18 How. [U. S.] 393. (5) Every will should be interpreted, as far as possible, from the standpoint apparently occupied by the testator; and attendant circumstances, such as the condition of his family, and the amount and character of his property, may and ought to be taken into consideration as part of the *res gestae*, where the language is not plain, nor the meaning obvious. Schouler on Wills, sec. 466; *Smith v. Bell*, 6 Pet. [U. S.] 68; *Blake v. Hawkins*, 8 Otto [U. S.] 325; *Posthlewaite's Appeal*, 68 Pa. St. 477; *Brown v. Thorn-*

*dike*, 15 Pick. 388 ; *Brown v. Bartlett*, 58 N. H. 511 ; *Perry v. Hunter*, 2 R. I. 80 ; *Brainerd v. Cowdrey*, 16 Conn. 1 ; 1 Jarm. on Wills, 422, and Bigelow's note ; *Marshall's Appeal*, 2 Pa. St. 388 ; *Rewalt v. Ulrich*, 23 Pa. St. 388 ; *Woolton v. Redd*, 12 Grat. [Va.] 196 ; Wigram on Wills, 76 ; *Spore v. Wilson*, 6 H. L. Cas. 106. (6) It may be safely laid down, that of two equally probable interpretations of a will, that shall be adopted which prefers the family and kindred of the testator to utter strangers. Schouler on Wills, sec. 479 ; *Downing v. Bain*, 24 Georgia, 372 ; *Wood v. Mitchan*, 92 N. Y. 375.

NORTON, C. J.—William A. Hopkins died in Jackson county on the twenty-fifth of August, 1867, leaving the following will, which was duly admitted to probate :

"In the name of God, Amen. I, William A. Hopkins, of the county of Jackson, in the state of Missouri, being of sound mind and disposing memory, do by these presents make, publish, and utter this, my last will and testament, to-wit :

"Item First : I hereby will and bequeath that after the payment of my debts all my property, real and personal, go and belong to my son, Sands W. Hopkins, and if Sands W. shall die without issue, that then the said property shall go and inure to my brother, Charles G. Hopkins, for his natural life, and afterwards to go towards the establishment of a school according to the ' Jeffersonian school,' established by Thomas Jefferson in his will, at Kansas City, Missouri.

"Item Second. I will that my wife, Eliza, shall have a full, decent support out of my estate against all other bequests, during her natural life, as long as she remains my widow, and no longer.

"Item Third. I appoint Charles G. Hopkins my executor, and if he should die before my son, Sands W., then in case my son, Sands W., should die without

issue before he is of age, I will that my property shall go to establish the school aforesaid, at Kansas City, Missouri, and that the judge of the circuit court of Kansas City, of Jackson county, shall appoint a commissioner to see that this will be carried out, if the other contingencies shall occur; and in construing my own will, I declare that all these reversions must depend upon my son's death before he has issue to inherit his estate.

"Item Fourth. I will that Charles G. Hopkins be testamentary guardian of my son, Sands W., and I charge him out of my estate to see that my wife, Eliza, is comfortably cared for during her widowhood as aforesaid, and in case of her death to be decently buried with respectable monuments on her grave.

"In testimony whereof, I have hereunto set my hand and seal, at this twenty-second day of January, A. D., 1867.

"WILLIAM A. HOPKINS. [Seal.]

"I hereby make the following addition to my will, to-wit, that my executor sell any or all of my real estate and convey the same for·such price or sum as to him may seem proper.

"In testimony whereof, I hereunto set my hand and seal, this twenty-fourth day of August, 1867.

"WILLIAM A. HOPKINS. [Seal.]"

It appears from the record that the estate of decedent consisted of about five thousand dollars of personal property, and a large number of unimproved lots in Kansas City yielding no income, and that the indebtedness of the estate amounted to fifty or sixty thousand dollars. It also appears that Sands W. Hopkins, at the time of the death of his father, was an infant about nine years of age and attained his majority in November, 1879 ; that he married in 1880, and had issue born of the marriage capable of inheriting through him ; that both his wife and child are dead, and that said Sands W.

survived them, and was living at the time this cause was
tried, and was about twenty-eight years of age. On this
state of facts, the trial court held that the fee of the real
estate of decedent vested absolutely in Sands W., and
rendered its judgment accordingly, from which the
defendants, the County of Jackson and City of Kansas,
have prosecuted their writ of error, and the only ques-
tion to be decided is, whether the trial court correctly
construed the will hereinbefore set forth.

In construing a will, the object is to reach the inten-
tion of the testator, which is to be gathered, not from
single words nor single passages, but from a considera-
tion of the whole instrument, and the general design
and scope of it. *Allison, Ex'r, v. Chaney*, 63 Mo. 282.
Section 4008, Revised Statutes, 1879, provides that: "All
courts, and others concerned in the execution of last
wills, shall have due regard to the directions of the will,
and the true intent and meaning of the testator in all
matters brought before them." In giving a practical
construction to wills, technical rules, when they stand
in the way of the manifest intention of the testator, may
be disregarded. *Carr v. Dings*, 58 Mo. 404; *Collier's
Will*, 40 Mo. at 321.

Applying these rules in construing the will in ques-
tion, viewing it as a whole, and considering the first and
third items thereof in the light of the circumstances
surrounding the testator at the time it was executed,
and it may fairly be said that it discloses, on the part of
the testator, the intention that the property devised to
the son in the first item of the will should only be
devoted to the establishment of a school in Kansas City
"according to the Jeffersonian school established by
Thomas Jefferson in his will," in the event of his son
dying without issue before he was of age. The divesti-
ture of the estate given to the son in the first item of
the will, and the devotion of the property to the estab-
lishment of a school at Kansas City were expressly

made, by the third item of the will, to depend on the death of the son without issue before he reached full age; and inasmuch as the event, viz., the death of the son without issue before he arrived of age, on the happening of which the estate was to pass over and be applied to the establishment of a school, etc., can never happen; the absolute estate is in the son, and the trial court in so holding did not err, and its judgment is hereby affirmed, Judges Ray and Brace concurring, Judge Sherwood absent, and Judge Black not sitting.