LEWIS, *Administrator,* v. PITMAN, *Trustee, et al.,*
*Appellants.*

1. **Will, Construction of:** LIFE-ESTATE AND REMAINDER OVER. A testator by the second clause of his will gave to his wife his household and kitchen furniture and all his other personal property including money on hand, in bank and all sums due him. In the third clause he expressed the desire that his business of manufacturing powders and perfumes should be continued after his death and to that end gave his wife the sole power to conduct his business in all of its branches, "she alone to derive all the increase from the same," with the right to sell the patent rights and trademarks, "keeping the receipts of said sale for her sole use and benefit." The fourth clause of the will declared that "it is my desire that after my wife's death all of my children shall share, and share alike, in the estate left by her whether the same be realty or personalty; of course I refer in this clause to whatever she has remaining of that she acquired from me by virtue of this will." *Held,* that the will must be construed as a whole, and this being done it gives to the wife a life-estate in all the testator's property with remainder over to his children.

2.    ———: LIFE-ESTATE WITH POWER OF DISPOSITION. Where an express life-estate is created by the will, an added power of disposition does not convert such life-estate into one in fee simple.

3.    ———: ———: ———. Nor is it necessary that the life-estate should be created in express terms. If the intention is clear from the whole will that the first taker is to have but a life-estate, the subsequent power of disposition will not convert it into one in fee-simple.

4.    Will: BEQUEST OF PERSONAL PROPERTY: IMPLIED POWER OF DISPOSITION. Where part of personal property bequeathed by a testator to his wife is of a perishable nature, an implied power of disposition will not be regarded as given because of the use of the words "estate left by her" and "remaining of that she acquired by me" in the clause of the will giving a remainder over to his children on the death of the wife.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Wm. F. Broadhead* for appellants.

(1) A bequest of chattels generally, without any restriction, as in the second clause of the will, would pass the absolute property. (2) In construing the bequest of chattels, with reference to the devise of the real estate, in the same paragraph of the will, the difference in the language used is striking and significant, and indicates a clear intention to make a different disposition of the two kinds of property. *Rhems' Appeal,* 8 Atl. Rep. (Pa.) 885; 2 Williams on Executors, 1083; *Doe v. Westley,* 4 B. & C. 667. (3) The third clause of the will, in disposing of the business, trade-mark, etc., contains no restrictions upon the gift of the same to Mrs. Pozzoni. The gift of the "income," being unlimited in the will, is the gift of the income in perpetuity; and, the income being all that was beneficial in the business, the gift of the income was the gift of the business itself. 2 Williams on Executors, 1288 (1193); *Adamson*

Lewis v. Pitman.

*v. Armitage*, 19 Ves. Jr. 416, 418 ; *Philips v. Chamberlain*, 4 Ves. Jr. 51 ; *Rawlings v. Jennings*, 13 Ves. Jr. 39 ; *Bishop v. McClellan's Ex'rs*, 16 Atl. Rev. (N. J.) 1 ; *Allen v. Henderson*, 5 Am. Law Rep. (N. Series) p. 256. From the nature of the business, consisting largely of "good-will" or reputation, it is not likely that the testator intended to create in the same a life-estate in the wife, with a limitation over to his children. The greatest extent to which courts have gone in recognizing "good-will," as part of the assets of an estate, is to require the administrator, when he disposes of the same for value, to account therefor. *Seigman v. Marshall*, 17 Md. 550, 569 ; *Roberts v. Quiddington*, 28 Beav. 529 ; 2 Williams on Executors, 1569. The power to sell the "patent rights" and trade-mark—the only tangible things of value connected with the business, shows an intention to give the absolute property. This is an attribute of ownership. This is not a case of a technical "power" to appoint among certain persons or to sell for certain purposes of the testator. It is a right to sell for the legatee's own use and benefit ; and this means absolute dominion or ownership. *Kendall v. Kendall*, 36 N. J. Eq. 91, 96 ; *Jackson v. Robbins*, 16 Johns. 537, 588 ; *Rubey v. Barnett*, 12 Mo. 3, 6 ; *Reinders v. Koppelmann*, 68 Mo. 482–494; *Wead v. Gray*, 78 Mo. 59 ; *Munro v. Collins*, 95 Mo. at p. 39. (4) The fourth clause, in expressing a desire as to the disposition of the "estate" left by the widow, "whatever she has remaining," contains, at least, an implied power of disposition, as to the personalty. *Reinders v. Koppelmann*, 68 Mo. 482, 490–4 ; *Bowen v. Dean*, 110 Mass. 433 ; *Harris v. Knapp*, 21 Pick. 412 ; *Lynde v. Estabrook*, 7 Allen, 68, 79 ; *Follweiler's Appeal*, 102 Penn. St. 581 ; *Benkert v. Jacoby*, 36 Iowa, 273. (5) A gift of property generally in a will, without any other restriction than a subsequent clause giving to another what may remain of the property after the death of the person to whom the property is first given, carries the

absolute estate.  *Wead v. Gray*, 78 Mo. 59, 63.  Where the limitation itself implies an absolute power of disposition as in the present case, by attempting to dispose of what may remain or be left at the death of the first legatee, the estate of the first legatee is absolute, and the limitation over is void.  *Reinders v. Koppelmann*, 68 Mo. at p. 491 ; *Attorney General v. Hall*, Fitzg. 314 ; *Jackson v. Robbins*, 16 Johns. 537, 584 ; *Jackson v. Bull*, 10 Johns. 19 ; *Ide v. Ide*, 5 Mass. 500, 504 ; *Campbell v. Beaumont*, 91 N. Y. 464 ; *Cole v. Cole*, 79 Va. 351 ; *Stowell v. Stowell's Executor*, 59 Vt. 494 ; *Judevine's Ex'r v. Judevine*, 18 Atl. Rep. (Vt.) 77.  (6) The fourth clause of the will is merely the expression of a desire as to the course the wife's property should take upon her decease, and not in form or effect a limitation over of the property bequeathed to her.  See *Campbell v. Beaumont*, 91 N. Y. 464 ; *Howard v. Corusi*, 109 U. S. 725 ; *Hoxsey v. Hoxsey*, 37 N. J. Eq. 21.  (7) The express and implied power of disposition, in the third and fourth clauses of the will, authorized Mrs. Pozzoni to make such disposition by will or by deed ; and this power having been fully executed by her will, and by deed, nothing remains upon which a limitation could operate.  *Bowen v. Dean*, 110 Mass. 438–40 ; *Kimball v. Sullivan*, 113 Mass. 345 ; *Wead v. Gray*, 78 Mo. 59 ; *Howard v. Corusi*, 109 U. S. 725.

*Taylor & Pollard* for respondent.

The will of J. A. Pozzoni gave to his wife only a life-estate in his business and the assets thereof, including trade-marks, trade-name, recipes and good-will, with remainder on her death to his children, share and share alike.  *Smith v. Bell*, 6 Pet. 68 ; *Russell v. Eubanks*, 84 Mo. 83 ; *Bean v. Kenmuir*, 86 Mo. 666 ; *Harbison v. James*, 90 Mo. 411 ; *Monroe v. Collins*, 95 Mo. 33 ; *Anderson v. Hall*, 80 Ky. 91 ; *Siegwald v. Siegwald*, 37

Ill. 435; *Green v. Hewitt*, 97 Ill. 113.   (2') The fourth clause of this will reads: "It is my desire that after my wife's death all of my children shall share, and share alike, in the estate left by her, whether the same be realty or personalty; of course, I refer in this clause to whatever she has remaining of that she acquired by virtue of this will." This language can only be construed to mean that the wife took a life-estate, and that she held the property in trust for the children.  *Clark v. Booman's Ex'r*, 18 Wall. 493; *Giles v. Little*, 104 U. S. 291; *Brant v. Iron Co.*, 93 U. S. 326; *Bradley v. Wescott*, 13 Ves. Jr. 445; *Boyd v. Strahan*, 36 Ill. 355; *Taylor v. Martin*, 8 Atl. Rep. 920; also cases cited under first point.   (3) The fact that Mrs. Pozzoni caused the business of her late husband to be incorporated, in order to perpetuate his name, and to be represented by shares of stock issued to her, and held by her at her death, did not defeat the operation of the fourth clause of his will.   This stock was only a change in the method of continuing and perpetuating the business and his name, and, at her death, by operation of his will, went to his administrator for his children, share and share alike, the same as the business would had it not been incorporated.  *Eans v. Eans*, 79 Mo. 65; *Monroe v. Collins*, 95 Mo. 33-41.  (4) The testimony conclusively shows that the good-will of the business was of great value.   And, where such is the case, both in this country and Great Britain, it is treated as a valuable asset, to be accounted for by the administrator, surviving partner or trustee.  *Thompson v. Winnebago*, 48 Iowa, 155; *Biningle v. Clark*, 30 Barb. 113; *Boon v. Moss*, 70 N. Y. 474; *Wallingford v. Burr*, 17 Neb. 137; *Ramelsberg v. Mitchell*, 29 Ohio St. 54; *Corress v. Fessler*, 39 Cal. 336; *Herefort v. Cramer*, 7 Colo. 483; *Beal v. Chose*, 31 Mich. 490; *Willett v. Blanford*, 1 Hare, 253; *Fay v. Fay's Adm'r*, 6 Atl. Rep. 12; Parsons on Partnership [2 Ed.] p. 273,

star p. 262 ; Story on Partnership [7 Ed.] sec. 99, and
cases cited ; Woerner's Am. Law of Adm'n, secs. 127
and 307, and cases cited. (5) The estate of J. A.
Pozzoni being still open and unsettled at the date of
his widow's death, his administrator, and not his heirs,
was the proper person to take charge of the personal
estate in remainder. Immediately on her death, all
interest which she acquired, by his will, in personal
property which remained lapsed, and nothing was left for
her administrator to administer upon. It follows that
it was the duty of plaintiff, and not her administrator,
to take charge of said stock. The devisees in remain-
der would acquire title under Mr. Pozzoni's will, yet,
this did not dispense with plaintiff's duty in the prem-
ises. *State ex rel. v. Moore*, 18 Mo. App. 406 ; *Leaky v.
Maupin*, 10 Mo. 373 ; *Smith v. Dinney*, 37 Mo. 20 ;
*Murphy v. Harrahan*, 50 Wis. 485 ; *Tappan v. Tappan*,
30 N. H. 50 ; *Pate v. Barrett*, 2 Dana (Ky.) 426 ; *White
v. Ray*, 4 Iredell, 14 ; *Allen v. Simmons*, 1 Curtis, 122 ;
*Jenkins v. Freyer*, 4 Paige Ch. 47 ; *Lilland v. Robinson*,
3 Little, 415 ; *Woodin v. Bagley*, 13 Wend. 453 ; *Beecher
v. Crouse*, 19 Wend. 306 ; *Bradford v. Feeder*, 2 McCord
Ch. 168 ; *Farley v. Farley*; 1 McCord Ch. 506.

BLACK, J.—J. A. Pozzoni died testate on the four-
teenth of April, 1885, the will being dated March
25, 1878. He left a widow, Annie, and two minor
daughters, namely, Rosina M. and Josephine A. Poz-
zoni. The widow who was the nominated executrix
declined to act, and M. D. Lewis was appointed admin-
istrator with the will annexed. He brought this suit
to obtain a construction of the will of his testator. The
defendants are Herman Heinze, administrator with the
will annexed of Annie Pozzoni, John Pitman, trustee
under her will, and the two daughters who appear by
their curator.

The following are the material portions of the will
of J. A. Pozzoni :

Lewis v. Pitman.

"*Second.* I give and bequeath all of my household and kitchen furniture, silverware, etc., at my residence in Kirkwood, or at any other place I may be residing at the time of my demise, and all other personal property I may die possessed of, including money on hand, in bank, and all sums due to me, to my beloved wife, Annie ; and I also give, and devise and bequeath to my beloved wife, Annie, during her natural life, or so long as she remains my widow, all the real estate that I may die seized of wherever the same may be lying or situate, and at her death the same to be equally divided between my children, named as follows : Lillie Rosina Mary, Anna Louisa and Arthur Wellsby ; and should there be other children born to me by my said wife, Annie, after the date of this will, they are also to be equal heirs with those above named.

"*Third.* It being my desire that my business as proprietor and manufacturer of what is known as 'Pozzoni's complexion powder,' 'hair dye,' 'hair restorative,' 'odeande cologne,' 'perfumes' and all other preparations manufactured or 'put up' by me, shall be continued in my name after my demise, I give and bequeath unto my said wife, Annie, the sole right to continue said business in all its details, she alone to derive all the income from the same, free from the control or interference from any person or persons whatsoever. However, should my said wife, Annie, deem it best to sell the patent rights •and trade-marks for the articles hereinbefore mentioned, she shall have full power to do so, keeping the receipts of said sale for her sole use and benefit.

"*Fourth.* It is my desire that after my wife's death all of my children shall share, and share alike, in the estate left by her, whether the same be realty or personalty ; of course I refer in this clause to whatever she has remaining of that she acquired from me by virtue of this will."

The estate of J. A. Pozzoni, at the time of his death, consisted of lands not valued ; also of household furniture, notes, accounts, cash stocks, and a stock in trade aggregating something over twenty-nine thousand dollars. This estimate does not include the good-will of his business, trade-marks or recipes. The administrator turned over to the widow, pursuant to an order of the probate court made on the thirteenth of May, 1885, the household personal property appraised at sixteen hundred and thirty-nine dollars, and also the stock in trade consisting of perfumery, fancy goods and store furniture, appraised at one thousand and forty-three dollars, and accounts amounting to five or six thousand dollars.

The widow by virtue of the third clause of the will took possession of the recipes, trade-marks, and with them, and the stock in trade and store furniture turned over to her by the administrator, continued the business of manufacturing toilet articles for a period of about one year. She then caused to be organized a corporation by the name of J. A. Pozzoni Medicated Complexion Powder Manufacturing Company. She transferred to the corporation the trade-mark, recipes, good-will of the house and stock on hand at the estimated value of twenty thousand dollars, and received therefor one hundred and ninety-eight of the two hundred shares of stock. The stock on hand was of no greater value than two thousand dollars. In less than a month thereafter she died testate. By her will she first declares it to be her desire to secure to her two daughters, Rosina and Josephine, all of her property. She then provides that after her death all of her property shall pass to her said daughters, and to that end she devises and bequeaths her property, real, personal and mixed, to John Pitman, in trust for the sole use of the daughters, subject to the following directions as to the management of the property. The will then goes on to say that the executor,

M. D. Lewis, shall have the management of the property, and directions are given as to when and how moneys shall be paid over to the daughters. M. D. Lewis declined to qualify as executor of this will, and Herman Heinze was appointed administrator with the will annexed.

Heinze as such administrator took possession of and inventoried all of the property of the testatrix, including certain personal property which she received under her husband's will, and one hundred and eighty shares in the above-named corporation, which she still held at the time of her death.

The plaintiff states that he is advised that the widow acquired only a life-estate in the personal property devised to her by the will of J. A. Pozzoni, while her administrator is advised that she became the absolute owner of such property, and he prays the advice of the court as to the true construction of the will. The trial court found that she took a life-estate only, and then ordered the administrator of Mrs. Pozzoni to turn over to the plaintiff the one hundred and eighty shares of stock with forty-five hundred dollars' dividends collected thereon, and the further sum of $921.71, being the proceeds arising from the sale of other personal property. The trustee, John Pitman, alone appealed.

The daughters get the property under either construction of the will, and at first blush it would seem this contest is simply as to who shall administer upon the estate. Further reflection shows that there is more in the suit. If the daughters take that portion of the personal property which their mother received and left at her death under their father's will, then they take it out and out; but if they take it under their mother's will then it is clothed with a complicated trust. It is, therefore, a matter of some moment to them and also to the trustee that the question of construction should be

Following the will through we see that the testator in the first place gives to his wife his household and kitchen furniture and all other personal property including money on hand, in bank, and all sums due him. He next devises to his wife, during her life, all of his real estate, and at her death the same to pass to his children. If this will ended here it would embrace all of the testator's property, and there could be no question as to its meaning. The wife would take all the personal property absolutely, and a life-estate in the real property. By the next and third clause the testator expresses a desire that his business of manufacturing powders and perfumes should be continued after his death, and to that end he gives to his wife the sole right to conduct the business in all of its parts, "she alone to derive all the income from the same." This provision giving to her the income from the business leaves the inference that he contemplated the capital should, if the business should be continued by her to her death, go in another direction, and is in perfect keeping with the fourth clause. He then gives her the right to sell the patent rights and trade-marks, " keeping the receipts of said sale for her sole use and benefit."

The fourth clause declares : " It is my desire that after my wife's death all of my children shall share, and share alike, in the estate left by her, whether the same be realty or personalty ; of course I refer in this clause to whatever she has remaining of that she acquired from me by virtue of this will."

This fourth clause speaks of both personal and real property. It applies to all of the personal property before mentioned, for he says: "I refer in this clause to whatever she has remaining of that she acquired from me by virtue of this will." It is a qualification of all that had before been said concerning the personal property, and the evident purpose of this clause is, to put the real

property and remaining personal property on the same footing. The will must be construed as a whole, and this done it gives to the wife during her life all of the testator's property, remainder to the children; for there is a clear intention expressed that the remaining personal property, as well as the real estate, shall pass to the children on the death of their mother. We do not see how this result can be escaped, unless we strike out the fourth clause, and that we have no power to do.

If we follow the common-sense reading of the will from first to last, it seems to us there is no difficulty in discovering its true purpose and meaning as to the personal property, the only property in question, and that is this: The testator gives all of it to his wife with the right and power in her to carry on the manufacturing business, or to dispose of the same, as to her may seem best, with the further qualification that whatever of the property she has remaining at her death shall go to the children.

Thus interpreted does the will violate any rule of law? It is claimed by the appellant that it does, and this for the reason that where there is a devise of property, with an absolute power of disposal in the first taker, a subsequent limitation over is void. We shall not review the many authorities cited in support of this proposition of law. It may be conceded that a devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. *Green v. Sutton*, 50 Mo. 186. But there is a wide difference between that class of cases and those where there is a devise for life with a power of disposition. Where an express life-estate is created, an added power of disposition does not convert the estate into a fee. *Rubey v. Barnett*, 12 Mo. 3; *Gregory v. Cowgill*, 19 Mo. 416; *Reinders v. Koppelmann*, 68 Mo. 482. Nor is it necessary that the life-estate should be created in express terms. If it is the clear intention from the whole will that the first

taker is to have but a life-estate, then the added power of disposition will not convert the estate into one of absolute ownership. Thus in the case of *Smith v. Bell,* 6 Peters, 68, the testator gave to his wife all of his personal estate "to and for her own use and benefit and *disposal absolutely;* the remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin." It was held the wife took but a life-estate, and that for the reason that the will as a whole disclosed a clear intent to make a present provision for the wife and a future provision for the son.

In *Wead v. Gray,* 78 Mo. 62, it was said that *Smith v. Bell* is an exceptional case and has not been followed in this state. *Smith v. Bell* was cited with approval and liberal quotations made from it in the recent case of *Harbison v. James,* 90 Mo. 411. In that case the testator gave all of his property, real and personal, to his wife with "the right to sell and reinvest, as she may desire, any part of the same, for her separate use and benefit, and at her death I desire that any portion of my estate remaining undisposed of shall go to my three daughters." There was no express life-estate created in the wife in that case, and yet it was held, notwithstanding the power of disposition, that she had but a life-estate. The intention of the testator so clearly expressed was allowed to prevail.

Although a life-estate is not created in express terms, still an added power of disposition will not convert it into an absolute estate, if upon a consideration of the whole will it is clear the testator intended to give a life-estate only. This is the deduction to be made from *Smith v. Bell* and *Harbison v. James,* and they have the support of other well-considered cases. *Giles v. Little,* 104 U. S. 291 ; *Siegwald v. Siegwald,* 37 Ill. 435 ; *Green v. Hewitt,* 97 Ill. 113. If the first taker is to have but a life-estate, then it matters not whether this appear from express words creating a life-estate or

from a consideration of the whole will. What difference can it make in which form the testator expresses his intention, so that it is clearly expressed? There may be and are many cases where the added power of disposition will turn the scale, but if it is the intention of the testator to give the first taker a life-estate only, notwithstanding the power of disposition, then that intention ought to prevail. This is the common-sense view of the matter, and it has the support of well-considered judgments.

These considerations dispose of this case on the assumption that Mrs. Pozzoni had full power to dispose of the personal property. She had no express power conferred upon her to sell the property devised to her, except that connected with the manufacturing business. This power was conferred for a special and limited purpose, and it has no tendency whatever to enlarge the life-estate to an absolute and unqualified estate. But considerable reliance is, by the appellant, placed upon these words in the fourth clause of the will, namely, "estate left by her," and "remaining of that she acquired from me." These words it is argued contain an implied power to dispose of the property. They certainly do contemplate that the property devised will not all be on hand at her death. But it must be remembered that some of the property devised to her was household articles which must in the nature of things perish and wear out by use. Like expressions were relied upon as furnishing an absolute power of disposal in *Munro v. Collins*, 95 Mo. 33, but this court said no such implication would arise, since a part of the personal property devised was of a perishable nature, and was such as would necessarily be worn out and consumed in using the same.

From the whole will it is clear that the testator intended to give his wife the use of all of his property during her life, and it is equally clear that he intended

it should go to his children at her death. She had but a life-estate in it, and at her death the children became entitled to all that remained, and they are entitled to take it under their father's will. The fact that the manufacturing business was organized into a corporation can make no difference. The stock represents the interest of the estate, and the children are entitled to it the same as any other property remaining at the mother's death. It follows from what has been said that the judgment should be, and it is, affirmed. All concur.