## A. M. TISDALE et al., Appellants, v. MARCELLUS A. PRATHER et al.

### Division Two, March 17, 1908.

1. **WILL: Power to Sell.** A will which gave to a daughter "full power to sell and dispose of the same at any time she may think best" necessarily carries with this power a full property interest in the land.

2. ————: ————: **Absolute or Life Estate.** The second clause of the will read: "I give and bequeath to my daughter, A. M. Tisdale, free from the debts and liabilities which may now exist against her husband, R. H. Tisdale, or which may be hereafter contracted by him, the following land...To have and to hold the same unto her and her heirs forever, with full power to sell and dispose of the same at any time she may think best, the proceeds of sale to be invested, if she desires it, in other property, to be conveyed to her and the heirs of her body." Held, to give to Mrs. Tisdale an absolute estate in fee in the land, and not a life estate to her with a remainder in fee to the heirs of her body. And she having mortgaged it to secure a debt, alleged but not shown to be the debt of her husband, the purchaser at the foreclosure sale, who was the assignee of the mortgage note, took the title.

3. ————: ————: ————: **Reinvestment of Proceeds.** Nor did the words "the proceeds of sale to be invested, if she desires it, in other property, to be conveyed to her and the heirs of her body" limit or restrict her power of disposal as owner of the fee, but simply left it discretionary with her to sell the land and to invest the proceeds of the sale in other property to be conveyed to her and the heirs of her body; and having exercised the power to sell, her children have no interest whatever in the land.

4. ————: **Power of Disposition.** A conveyance which confers an absolute power of disposition creates a fee simple in the gran-

tee, if by deed, or in the devisee, if by will, in the absence of an expressed intention to devise a life estate only.

5. ———: ———: **Power to Mortgage.** Under the general devise by which Mrs. Tisdale was given the land in fee, she had the power to sell or mortgage the land, and the additional words "with full power to sell or dispose of the same at any time she may think best" in no way limited or restricted that power.

6. ———: **Subsequently Cut Down.** Where an estate in fee is vested in a devisee by a general clause in the will, it cannot be cut down to a less estate by subsequent or ambiguous words inferential in their intent.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler*, Judge.

AFFIRMED.

*Benecke & Benecke* and *Kinley & Kinley* for appellants.

(1) In construing this will all of its provisions should be taken together and effect given to every clause of it, and the words so used construed as to meet as near as possible the intention of the testator. The first and last inquiry in the construction of a will is, what was the intention of the testator? Schorr v. Carter, 120 Mo. 409; Redman v. Barger, 118 Mo. 568; Small v. Field, 102 Mo. 104; Lewis v. Pitman, 101 Mo. 281; Munro v. Collins, 95 Mo. 33; Cross v. Hoch, 149 Mo. 325; Morrison v. Thistle, 67 Mo. 598; Harbison v. James, 90 Mo. 411. (2) In arriving at the intention of the testator, his relation to the beneficiary named in the will, and the circumstances surrounding him at the time of its execution, may be taken into consideration. McMillan v. Farrow, 141 Mo. 55. Or, as has been said: "The true intent and meaning of the testator can be best ascertained by the courts and those concerned in the execution of wills, by putting themselves as far as may be in the place of the testator and reading all his directions therein contained in the light

of his environments at the time it was made." Murphy v. Carlin, 113 Mo. 112. (3) If the will only invested a life estate in and to the land in controversy, in Ann M. Tisdale, then the power given her to sell same does not enlarge the estate devised to one in fee. Evans v. Folks, 135 Mo. 397; Grace v. Perry, 197 Mo. 550; Lewis v. Pitman, 101 Mo. 281. (4) The power to sell given in the will in question to A. M. Tisdale does not give her power to mortgage the real estate in controversy. Kinney v. Mathews, 69 Mo. 520; Price v. Estill, 87 Mo. 378; Price v. Courtney, 87 Mo. 387; 18 Am. and Eng. Ency. Law (1 Ed.), 940; 22 Am. and Eng. Ency. Law (2 Ed.), 1156; 7 Ballard, Real Est., sec. 930; 8 Ballard, Real Est., sec. 918; Arlington State Bank v. Paulson, 78 N. W. 311; Allen v. Ruddell, 29 S. E. 198. (5) The deed of trust made to secure the Cuddy note, under which defendant, Marcellus Prather, purchased the land in question, refers in express terms to the will of George W. Temple, directly calling attention to such will, hence defendant purchased said real estate with full knowledge of the contents of such will. (6) The note secured by the deed of trust to Merchant for the benefit of Hodge, which was discharged by the Cuddy loan, seems to have been signed by Richard H. Tisdale and Ann M. Tisdale. The husband's name coming first, the wife is presumed to have signed same as security. The money obtained by the Cuddy note and deed of trust to Crawley was only used to extinguish the Hodge note.

*J. A. Collet* and *H. J. West* for respondents.

(1) Where the words of a will at the outset clearly indicate a disposition by the testator to give the entire estate absolutely to the first donee, the estate will not be cut down to a less estate by subsequent or ambiguous words inferential in their intent. Yocum v. Siler, 160 Mo. 281; Gannon v. Albright, 183 Mo. 238; Cook

v. Couch, 100 Mo. 34; Roth v. Rauschenbush, 173 Mo. 582; Roberts v. Crume, 173 Mo. 572. (2) A devise of real estate coupled with the power of absolute disposal will be construed to carry the fee title unless the intention to convey only a life estate is apparent. Rubey v. Barnett, 12 Mo. 3; Green v. Sutton, 50 Mo. 186; Roth v. Rauschenbausch, 173 Mo. 582; Russell v. Eubanks, 84 Mo. 82. (3) Even if the will by any strained construction could be understood to invest Mrs. Tisdale with only a life estate with power to sell and dispose of the fee, this power to sell and dispose of the fee has been properly executed in the mortgage given by her. Green v. Sutton, 50 Mo. 186; Russell v. Eubanks, 84 Mo. 82; Underwood v. Cave, 176 Mo. 1; Grace v. Perry, 197 Mo. 1. (4) The mortgage by Mrs. Tisdale and her husband, and the foreclosure thereof by the trustee, are, at least, sufficient to convey her title. Kinney v. Mathews, 69 Mo. 520. (5) Since the interest of Mrs. Tisdale, under any view that may be taken of the will, has passed by the mortgage and foreclosure, the plaintiffs are neither entitled to have the deeds set aside nor are they entitled to possession.

BURGESS, J.—This is a controversy over the title to a tract of land in Chariton county, Missouri. The land in question was owned by George W. Temple, who died and left a will which was admitted to probate in the probate court of Chariton county June 13, 1871, the second clause of said will being as follows:

"Second. I give and bequeath to my daughter, A. M. Tisdale, free from the debts and liabilities which may now exist against her husband, R. H. Tisdale, or which may be hereafter contracted by him, the following land situated in Chariton county, Missouri, to-wit: The east half of the southwest quarter of section thirty-five, township fifty-four, range nineteen, to have and to hold the same unto her and her heirs forever, with full power to sell and dispose of the same at any

time she may think best, the proceeds of sale to be invested, if she desires it, in other property, to be conveyed to her and the heirs of her body.''

On February 8, 1884, R. H. Tisdale and his wife, the said A. M. Tisdale, mortgaged this land to Robert H. Hodge for $1,200. Afterwards, on December 2, 1889, Mrs. Tisdale and her husband borrowed $1,410 of James Cuddy with which to pay off the Hodge mortgage, and executed to John C. Crawley, as trustee, their deed of trust on said land to secure their note to Cuddy for said sum. Default was made in the payment of the note, and Mr. Crawley, the trustee, foreclosed on February 3, 1900, the defendant, Marcellus A. Prather, becoming the purchaser of the land at the price of $2,275. On February 12, 1904, Marcellus A. Prather and wife conveyed one-half of said tract to their son, J. C. Prather, the consideration being one dollar and love and affection.

The plaintiffs in this case are A. M. Tisdale and her eight children. The petition sets out the will of George W. Temple, and alleges that the maker of the will thereby devised the land in question to A. M. Tisdale and the heirs of her body, and that she took and held possession thereof until May, 1904; that defendant, Marcellus A. Prather, is in wrongful possession under the Cuddy deed of trust and a foreclosure thereof by Mr. Crawley, the trustee; that the debt of $1,410 to Cuddy was the individual debt of Richard H. Tisdale, the husband of A. M. Tisdale, and that her signing of the deed of trust was gratuitous and without consideration, and that these facts were understood and well known to all the parties to said transaction at the time. The prayer is to set aside the Cuddy deed of trust and the trustee's deed made thereunder by Mr. Crawley, and for possession. It is also alleged in the petition that the Cuddy note was assigned to Marcellus A. Prather before the foreclosure, and that he acquired the

note with knowledge that the debt was the individual debt of Richard H. Tisdale and that A. M. Tisdale received no consideration therefor. There was no evidence whatever offered in support of this allegation.

Defendant Marcellus A. Prather answered, admitting that he was in possession of the land in question, and asserting that he was the absolute owner thereof. By agreement of parties, J. C. Prather was made a party defendant, and he adopted the answer of his codefendant as his answer.

Plaintiffs offered to prove by Mrs. Tisdale that she received no part of the money evidenced by the Hodge note, but the court sustained defendants' objection to her testifying on this point on the ground that Hodge was dead, and that she was incompetent as a witness to impeach the validity of a contract made between herself and husband and Hodge; to which action of the court in sustaining said objection plaintiffs excepted.

The court found the issues for defendants, and rendered judgment for defendants and against plaintiffs for costs, from which judgment, after an unavailing motion for a new trial, plaintiffs appealed.

The vital question involved in this case relates to the interest Mrs. A. M. Teasdale acquired under the second clause of the will of her father, G. W. Temple, deceased.

Section 4650, Revised Statutes 1899, provides that "all courts and other concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

In the construction of wills the cardinal rule is that the intention of the testator is to govern; and in determining the intent and meaning of the testator the court will consider the will as a whole, giving to each and every part of it due and proper consideration.

[Turner v. Timberlake, 53 Mo. 371; Allison v. Chaney, 63 Mo. 279; Chew v. Kellar, 100 Mo. 362; Cook v. Couch, 100 Mo. 1. c. 34.]   And it has been said that "the true intent and meaning of the testator can be best ascertained by the courts and those concerned in the execution of wills by putting themselves, so far as may be, in the place of the testator, and reading all his directions therein contained in the light of his environment at the time it was made." [Murphy v. Carlin, 113 Mo. 1. c. 117; Hall v. Stephens, 65 Mo. 670; Noe v. Kern, 93 Mo. 1. c. 373; Suydam v. Thayer, 94 Mo. 49; Munro v. Collins, 95 Mo. 33; Small v. Field, 102 Mo. 104; Long v. Timms, 107 Mo. 512.]   The question then is, considering the will as a whole, and giving to every part and provision thereof full consideration, did the testator intend to give Mrs. Tisdale an absolute separate estate in fee in the land, free from the debts and liabilities which then existed against her husband, R. H. Tisdale, or which might thereafter be contracted by him, to have and to hold the same unto her and her heirs forever; or did she take a life estate only, with remainder in fee to the heirs of her body? It will be observed that the will gives the land to Mrs. Tisdale as her separate estate, to have and to hold the same unto her and her heirs forever, with full power to sell and dispose of the same at any time she might think best. It does not give the land to her and the heirs of her body, which would mean, if such were the words of the will, that the testator intended to give his daughter a life estate only, with remainder to the heirs of her body. The will gives her "full power to sell and dispose of the same at any time she may think best," and this power necessarily carried with it a full property interest in the land.

In Cornwell v. Orton, 126 Mo. 1. c. 367, it is said: "There are also well-established rules of construction, in ascertaining whether the estate granted to the

first taker is an absolute fee simple, or only an estate for life. 'It has always been held that an absolute power of disposition over property conferred by will, not controlled by any provision or limitation, amounted to an absolute gift of the property. A power to dispose of a thing as one pleases must necessarily carry along with it a full property in it.' [Rubey v. Barnett, 12 Mo. 5; Norcum v. D'Oench, 17 Mo. 98; Green v. Sutton, 50 Mo. 186; Tremmel v. Kleiboldt, 75 Mo. 255.'' See, also, Cook v. Couch, supra.]

Nor do the words ''the proceeds of sale to be invested, *if she desire it,* in other property, to be conveyed to her and the heirs of her body'' militate against anything we have said, but simply left it discretionary with her to sell the land and invest the proceeds of sale in other property to be conveyed to her and the heirs of her body. This provision did not restrict or limit her power of disposal as owner of the fee, and, having exercised that power, her children have no interest whatever in the land.

In Roberts v. Crume, 173 Mo. 572, was involved the construction of a clause in a will by which the testator gave and devised to his daughter, Mary I. Roberts, and her heirs, all the real estate that he then owned, upon conditions specified in the will; and it was held that the will devised the fee, not a life estate merely, to the daughter, and a sale by her and her husband conveyed the title, notwithstanding the subsequent conditions in the will.

If, as contended by plaintiffs, the will only vested a life estate in the land in controversy in Mrs. Tisdale, then we agree that the power given her to sell and dispose of the same did not enlarge the estate devised to an estate in fee. [Lewis v. Pitman, 101 Mo. 281; Evans v. Folks, 135 Mo. 397; Grace v. Perry, 197 Mo. 550.] But that is not this case. Here an estate in fee is vested by the will in Mrs. Tisdale, and as incident

thereto the power to sell and dispose of the land as she might see fit. Besides, such power is expressly conferred upon her by the will. Moreover, as the devise of the estate was general, except that it was a separate estate, with a power of disposition over it in the devisee, that carried the fee. [Green v. Sutton, 50 Mo. 186; Lewis v. Pitman, supra.]

In Evans v. Folks, supra, it is said: "Where there is a general devise, without any specification of the interest devised, and an absolute power of disposal is conferred by the will, the devisee takes the fee, and may dispose of the estate at his or her pleasure." [Citing Green v. Sutton, supra, and Jackson v. Robins, 16 Johns. 537. See, also, Grace v. Perry, supra, and Roth v. Rauschenbusch, 173 Mo. 582.] It is now well settled that a conveyance which confers an absolute power of disposition creates a fee simple estate in the grantee, if by deed, or in the devisee, if by will, in the absence of an expressed intention to devise a life estate only.

Plaintiffs also contend that the power to sell and dispose of given in the will to Mrs. Tisdale did not give her the power to mortgage the land in question; but as we have said, under the general devise by which she was given the land in fee, she had the power of disposition, and the additional words, "with full power to sell and dispose of the same at any time she may think best," in no way limited or restricted that power. An estate in fee having vested in Mrs. Tisdale by the general clause in the will, it cannot be cut down to a less estate by subsequent or ambiguous words, inferential in their intent. So that, whether Mrs. Tisdale took the fee to the land under the general provision of the will (as we think she did), or under that provision in connection with the added power of disposal, she took it in fee, and had the right to dispose of the

same as she saw fit, and, having exercised that right, she is not entitled to recover in this case.

Our conclusion is that the judgment should be affirmed. It is so ordered. All concur.