Evans v. Folks.

EVANS *et al.* v. FOLKS *et al.*, *Appellants.*

Division Two, October 7, 1896.

1. **Will:** DEVISE FOR LIFE: POWER OF DISPOSAL. Where a will contains a devise for life in express terms and also a power of disposal in the devisee, the power does not enlarge the estate to one in fee simple.

2. ———: GENERAL DEVISE: POWER OF DISPOSAL. Where there is a general devise without any specification of the interest devised, and this is followed by an absolute power of disposal conferred by the will, the devisee takes a fee and may dispose of the estate at pleasure.

3. **Will, Construction of:** LIFE ESTATE. Will construed and *held* that testator's wife took a life estate with power of disposal.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

AFFIRMED.

*Sturdevant & Stear* for appellants.

(1) All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them. Revised Statutes, 1889, sec. 8916. (2) The leading rule in the interpretation of the will is, that the intention of the testator, as expressed in it, shall control. *Smith v. Hutchinson*, 61 Mo. 83; *Allison v. Chaney*, 63

Mo. 279; *Crecelius v. Horst*, 78 Mo. 566; *Suydam v. Thayer*, 94 Mo. 51. (3) The whole will is to be taken together, and so construed as to give effect to every portion of it, if possible. (4) The intention of the testator is to be gathered, not from single words, but from a consideration of the whole instrument, taken together in its general scope and design. *Russell v. Eubanks*, 84 Mo. 82, and citations; *Harbison v. James*, 90 Mo. 411; *Schorr v. Carter*, 120 Mo. 409; *Small v. Field*, 102 Mo. 104; *Preston v. Brant*, 96 Mo. 552. (5) The power of disposal in donee by the will of Edward F. Evans is unlimited and absolute, clearly showing the intention of the testator to grant the fee. Tiedeman on Real Prop. [2 Ed.], sec. 564; *Russell v. Eubanks*, 84 Mo. 82. (6) If, from the whole will, it appears to have been the testator's intention to give a fee simple estate, the estate will be enlarged by the power, notwithstanding the devisee's estate has been expressly limited for life. Tiedeman on Real Prop. [2 Ed.], sec. 564, and citations; *Russell v. Eubanks*, 84 Mo. 82. (7) Gift over of "what shall be left," after an estate with unlimited power of disposal, is void. *Hall v. Palmer*, 87 Va. 354; *Brown v. Brown*, 87 Va. 438; *Cole v. Cole*, 79 Va. 251. *Secus*, if the power is limited. *Brown v. Brown*, *supra*, and citations. (8) If the first taker has an absolute estate any limitation over is void for repugnancy. So where he takes for life with unlimited power of disposal. *Pool v. Pool*, 10 Lea, 486; *Davis v. Richardson*, 10 Yerg. 290. *Secus*, if the power is limited or contingent. *Pillow v. Rye*, 1 Swan, 185; *McGarvock v. Pugsley*, 12 Heisk. 689. (9) If a particular estate is expressly given with a general power of disposal, the power will not enlarge the estate, and the testator's heirs will take as reversioners, if the power is not exercised. Tiedeman on Real Prop. [2 Ed.], sec. 564; 1 Sug. on Pow. 179, 180; *Rubey v.*

*Barnett,* 12 Mo. 3; *Reinders v. Koppelmann,* 68 Mo. 482; *Gaven v. Allen,* 100 Mo. 293; *Lewis v. Pitman,* 101 Mo. 281. But the foregoing is not an absolutely invariable rule. If, from the whole will, it appears to have been the testator's intention to give a fee simple estate, the estate will be enlarged by the power, notwithstanding the devisee's estate has been expressly limited for life. Tiedeman on Real Prop., *supra,* and citations. *Russell v. Eubanks,* 84 Mo. 82, and citations. (10) Where the gift is of a general or indefinite nature, so as to be open to construction, the addition of a general power of disposal is treated as an indication that the testator meant to give the property absolutely. Hence, any gift over of "what remains," or of a remainder in general will be void. 1 Jar. on Wills [6 Ed.], note *326; *Mitchell v. Morse,* 77 Maine, 423; *State v. Smith,* 52 Conn. 557; *Henderson v. Blackburn,* 104 Ill. 227; *Logue v. Bateman,* 43 N. J. Eq. 434.

*T. D. Hines* for respondents.

(1) The will in terms gives his widow an estate "during her natural life." The added power of disposition does not enlarge the widow's life estate into a fee. This rule has been long settled in Missouri. *Rubey v. Barnett,* 12 Mo. 3; *Reinders v. Koppelmann,* 68 Mo. 482; *Russell v. Eubanks,* 84 Mo. 83 and 88; *Harbison v. James,* 90 Mo. 425; *Lewis v. Pitman,* 101 Mo. 291. (2) A devise of an estate generally or indefinitely with a power of disposition over it carries a fee. *Green v. Sutton,* 50 Mo. 186.

BURGESS, J.—In February, 1844, Edward F. Evans died testate, the will being dated on the fourth day of January, 1844. He left a widow, Eliza J., who afterward intermarried with one Christopher B. Houts. At

the time of the testator's death, he, being seized and possessed of real and personal estate in the city and county of Cape Girardeau, Missouri, and having no children, made his will, the material parts of which are as follows:

"Third. I give, devise and bequeath unto my beloved wife, Eliza Jane Evans, after all my just debts as hereinbefore directed have been paid, all of my whole estate consisting of both real and personal absolutely and to the use of her own interest and benefit *during her natural life* my personal property consisting of horses, hogs, cattle, household and kitchen furniture, etc., my real estate consisting of a farm in the county and state aforesaid containing about one hundred and sixty-five acres; said farm situated about one mile from the city of Cape Girardeau, also one lot in the city of Cape Girardeau being lot number one and having three buildings or dwelling houses thereon.

"Fourth. And I do further give unto my beloved wife Eliza Jane Evans all and whatsoever of both personal and real estate of which I may die seized or have sufficient and legal title and not herein before enumerated should there be any omitted.

"Fifth. It is my will and desire that if at the death of my beloved wife Eliza Jane Evans there should be any of either of the personal or real estate hereinbefore mentioned, that it is to be divided among my blood relations in the following manner, that is, that the four daughters of my brother Stacy Evans, Rachel, Hannah, Ann, Mary, and Mariah should receive each five dollars out of any moneys or property left at the death of my beloved wife, as before stated.

"Sixth. I give and bequeath unto Edward Evans, son of my brother Stacy Evans, the sum of fifty dollars, to be paid out of any moneys or property left at the death of my beloved wife, as hereinbefore mentioned.

"Seventh.  It is my will and desire that if at the death of my beloved wife there should be anything left after paying the gifts, legacies as hereinbefore directed that the residue be equally divided between the legal and legitimate heirs of my brother Nathan Evans together with my brother Stacy Evans' youngest son William Evans.

"Eighth.  I do give and empower by this last will and testament my beloved wife Eliza Jane Evans with full authority to dispose of any and all of my real or personal estate as she may think best or see fit."

This action is prosecuted by plaintiffs against the defendant Charlotte Folks, as principal defendant; others were made defendants for the purposes of the action.

The object of the litigation is to settle the title to an undivided two thirds of lot 26, range G, in the city and county of Cape Girardeau, Missouri.

Plaintiffs claim that they are the rightful owners and entitled to the undivided two thirds interest in said lot; that they are tenants in common with defendant Folks, that she owns the other third interest and that she holds the legal title to plaintiffs interest for their use and benefit.  Both plaintiffs and defendants claim under Edward F. Evans, deceased, as the common source of title.

The testator had two brothers, Nathan and Stacy, both of whom survived him.  Nathan died leaving three children surviving him, viz., John, Joseph, and Charlotte.  The latter became Charlotte Folks by marriage and is defendant in this suit; Joseph died without issue.  John died in March, 1867, leaving two children, James and William, the plaintiffs herein.  Stacy Evans' youngest son William died without issue in 1861. Eliza Jane, widow of Edward F. Evans, testator, mar-

ried Christopher B. Houts on the — day of —, 184–. She died testate in the month of July, 1891. The clauses of her will disposing of the property in controversy are as follows:

"I give and devise to my beloved friend and nurse, Mary Morgan, as a small token of my regard and esteem, and in a small way to recompense her for the care and trouble she has been at nursing and looking after me during all the time I have been sick prior to my decease, the south half of lot 26, range 'G,' in the city and county of Cape Girardeau, state of Missouri, front east fifty-six feet, together with all and singular the improvements thereon."

"I give and devise to Lottie Folks and the unknown lawful heirs of Edward Evans, share and share alike (he being my first husband from whom I received the property herein described), the north half of lot number 26, range 'G,' in the city and county of Cape Girardeau, state of Missouri, which half lot fronts east fifty-six feet, together with all and singular the improvements thereon."

After Mrs. Houts' death, Mary Morgan, devisee under Mrs. Houts' will, deeded the south half of the lot in question to Charlotte Folks.

The rights of the parties in this case, therefore, depend entirely upon the proper construction to be given to the will of Edward F. Evans.

The court below found the issues for plaintiffs, and rendered judgment accordingly, from which Mrs. Folks and husband appealed.

The important question in the case is what estate Mrs. Eliza Jane Evans took under the will of her first husband; whether an absolute one or only an estate for life, with a remainder over to the other devisees named in the will. This depends upon the proper construction of the will as a whole, and not upon any

particular sentence or clause, the end to be attained being the true intent of the testator.

The authorities all hold that when there is a devise for life in express terms, and also power of disposal conferred by the will upon the devisee, it does not enlarge the estate to a fee simple. *Rubey v. Barnett*, 12 Mo. 3; *Reinders v. Koppelmann*, 68 Mo. 482; *Russell v. Eubanks*, 84 Mo. 83; *Harbison v. James*, 90 Mo. 425; *Lewis v. Pitman*, 101 Mo. 291; *Jackson v. Robins*, 16 Johns. 537; *Burwell's Ex'rs v. Anderson*, 3 Leigh, 348. But where there is a general devise, without any specification of the interest devised, and an absolute power of disposal is conferred by the will, the devisee takes a fee, and may dispose of the estate at his or her pleasure. *Green v. Sutton*, 50 Mo. 186; *Jackson v. Robins, supra*.

By the third clause of the will the testator gave to his wife, Mrs. Eliza J. Evans, all of his estate, both real and personal, absolutely to the use of her own interest during her *natural* life, and if at her death there should be any of either of the personal or real estate mentioned in the will it was to be divided among his blood relations as specified therein. This clearly shows that the testator only intended to give to Mrs. Evans a life estate in his property with power of disposal which was conferred by the eighth paragraph of the will by which she was vested with full authority to dispose of any and all real and personal estate which passed by the will, as she might think best or see fit. *Chase v. Ladd*, 153 Mass. 126; *Smith v. Bell*, 6 Peters, 68; *Mansfield v. Shelton*, 35 Atl. Rep. 271.

This position finds support in the fact that it was provided by the will that, if there should be any of the property *left at the death* of Mrs. Evans, it should be divided among the blood relations of the testator, which is very persuasive evidence, at least, that he

only intended to give to her a life estate in the property in question, with power of disposal.

However, as he gave to her a life estate by express words, with a power of disposition, which the law holds to be a mere power, which was not executed during the lifetime of Mrs. Evans by a conveyance of the property under the seventh clause of the will on her death it passed to the heirs of Nathan Evans and Stacy Evans, youngest son of William Evans, or those of them who were then living. She could not execute the power by will in the absence of a fee simple title in her, or authority expressly conferred by the will of her husband, hence no title passed to Mary Morgan under the will of Mrs. Houts, nor by the deed of Mary Morgan to the defendant Mrs. Folks.

At the time of Mrs. Houts' death, William and Joseph Evans were deceased, both having died without issue. John died in March, 1867, leaving two children, viz., James and William, the plaintiffs, so that the property in question passed to them and Mrs. Folks *per capita*, or share and share alike, in accordance with the provisions of the will of Evans, which provided that whatever of it, if any, was left upon the death of his wife should be equally divided between the legal heirs of Nathan Evans and the youngest son of Stacy Evans.

The statute of descents and distributions has no bearing on the case, the rights of the parties being fixed by the will.

There was no error committed in taxing costs. The judgment is affirmed. GANTT, P. J., and SHER-WOOD, J., concur.