# TEBOW v. DOUGHERTY et al., Appellants.

**Divison One, June 29, 1907.**

1. **WILL: Intention.** The testator's intention should never be lost sight of in construing a will. And to throw light upon that intention, the court has the right to look at the conditions and circumstances surrounding him at the time he executed it, in connection with the provisions of the will itself.

2. ———: ———: **Presumption.** It is presumed in the construction of a will that the testator intended to dispose of all his property, and not to carve out a particular estate and dispose of that, leaving the rest to descend to his heirs according to the Statute of Descents and Distribution.

3. ———: **To a Son and His Heirs.** A conveyance of land, by deed or will, at common law or under the statutes, to a person and his heirs creates and vests in such person a fee simple title to the land—the most complete and perfect title known to law.

4. ———: ———: **During Natural Life: Base Fee.** The testator had a wife and one child. By one clause he devised one-half his property to his wife and her heirs during her natural life and provided that if his son should survive her, at her death that half "undisposed of shall belong to him." The next clause read: "I give, devise and bequeath unto my said son, Sylvester S. Dougherty, and unto his heirs, one-half of my property, real, personal and mixed, to have, hold, control, use and manage as he may see fit and proper during his natural life; and should my beloved wife survive him, at his death the property undisposed of shall belong to her." The wife and son made a deed to land, the son married and has children, and the wife died leaving no other child than the son. *Held,* first, that the manifest intention of the testator was to dispose of his entire estate to his widow and son; *second,* the one-half of the estate which was devised to the widow, upon her death passed to and vested in the son, and their joint warranty deed conveyed that half to the grantee; *third,* the will gave to each a base fee in one-half of the estate, and upon the death of either the base or determinable fee was to terminate and be transferred to and vested in the survivor in fee simple absolute; by the death of the widow his base fee in her half was enlarged into a fee simple absolute, and by her death the qualified or conditional fee which was devised to her in his

half was defeated and thereby was transferred to and became vested in the son. Hence, their joint deed conveyed the entire estate in the land and the children of the son took no interest by virtue of the will in the half devised to him.

Appeal from Nodaway Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*H. S. Kelley* for appellants.

*George Robb Ellison* for respondent.

WOODSON, J.—This action was instituted by the respondent, in the circuit court of Nodaway county, against the appellants, seeking to quiet title and to ascertain and determine the rights and interest of the parties to the land in controversy, which necessitates the construction of the last will and testament of William W. Dougherty, deceased.

The pleadings were in proper form, and the cause was tried and submitted to the court upon the following agreed statement of facts:

First. That on the 30th day of May, 1876, William W. Dougherty, a citizen of Nodaway county, duly made and executed as his last will and testament the following:

"I, William W. Dougherty, of the town of Graham, in the county of Nodaway and State of Missouri, being of sound mind, do make and publish this my last will and testament.

"I give, devise and bequeath my estate and property, real, personal or mixed, as follows, that is to say: After the payment of all my just debts and funeral expenses, I give, devise and bequeath to my beloved wife, Lucetta I. Dougherty, and to her heirs, one-half of my property, real, personal or mixed, to have, hold, control, use and manage as she may see fit

and proper during her natural life; and should my beloved son, Sylvester S. Dougherty, survive her, at her death the property, real and personal, undisposed of shall belong to him.

"I give, devise and bequeath unto my said son, Sylvester S. Dougherty, and unto his heirs, one-half of my property, real, personal and mixed, to have, hold, control, use and manage as he may see fit and proper during his natural life; and should my beloved wife, Lucetta I. Dougherty, survive him, at his death the property, real and personal, undisposed of shall belong to her.

"I appoint my beloved wife, Lucetta I. Dougherty, and my son, Sylvester S. Dougherty, of Graham, Nodaway county, Missouri, executrix and executor of this my last will and testament."

Second. That said William W. Dougherty departed this life, in said Nodaway county, while said will was in full force and effect as his last will and testament, on the 7th day of August, 1876.

Third. That said will was duly proved and admitted to probate and established as the last will and testament of said deceased, in and by the judgment of the probate court of said county, on the 15th of August, 1876.

Fourth. That Lucetta I. Dougherty, the widow, and Sylvester S. Dougherty, the only child, of said testator, were duly appointed as executrix and executor of said will by said probate court and qualified as such and fully administered said estate, and the same has now been fully settled and said executrix and executor finally discharged without disposing of any part of the lands belonging to the deceased in the administration of the estate.

Fifth. That at the time the will was made and at the time of the death of the testator, he was the owner in fee and in possession of the lands described in the

petition in this cause, and in addition thereto a large body of land, consisting of 540 acres lying in a body in said county; that said lands were improved and occupied and used by said testator and his family.

Sixth. That said testator also owned and possessed personal property and effects of such value as the appraisement and inventory on file in the probate court may show, which are hereby considered a part of the evidence in this cause. (Here insert said appraisement and inventory).

Seventh. That the testator owed, at the time of his death, as shown by the demands proven and allowed against the estate, the sum of $—— and, in this connection, the records of the probate court on that subject are hereby considered in testimony.

Eighth. That at the time of the testator's death he left surviving Lucetta I. Dougherty as his widow and the defendant, Sylvester S. Dougherty, as his only child and her only child, and the said Lucetta I. Dougherty, the widow, departed this life on the — day of —, 1890, leaving said Sylvester S. Dougherty, the defendant, as her only child and heir surviving her.

Ninth. That on the twentieth day of December, 1883, the said Lucetta I. Dougherty and the said Sylvester S. Dougherty executed to one Humphrey Lyle and Robert Lyle a deed, in the form of a general warranty deed, which undertook and purported to convey to the said grantees the real estate described therein, which is the same as that set forth and described in the petition, which belonged to and was a part of the real estate of the said William W. Dougherty, deceased, at the time of his death, and which the said Lucetta I. Dougherty and Sylvester S. Dougherty claimed to own as devisees under said will.

Tenth. That said Sylvester S. Dougherty was on the — day of ——, 18—, married to the defendant Annie M. Dougherty, and the defendants, William Dough-

erty, Arthur Dougherty, Clement Dougherty and May
Dougherty, are the only children and heirs of said Syl-
vester and Annie M., and that said Sylvester is still
living.

Eleventh. That said defendants Arthur, Clement
and May Dougherty are infants, under the age of ma-
jority, and H. S. Kelley was appointed by the court
guardian *ad litem,* who filed a joint answer for said in-
fants and for said defendant William Dougherty.

Twelfth. It is further admitted that, by mesne
conveyances in due form, the plaintiff obtained such
title to the lands described in the petition as was con-
veyed to Humphrey Lyle and Robert Lyle by the afore-
said deed to them from Lucetta I. Dougherty and Syl-
vester S. Dougherty.

Thirteenth. It is further admitted that the de-
fendant children of the said Sylvester and Annie M.
Dougherty are now claiming to own and have an inter-
est in the real estate described in the petition under and
by virtue of the provisions of said will.

The cause was, by the court, taken under advise-
ment until the November term, 1904, at which time it
found for the plaintiff and rendered judgment accord-
ingly. In due time defendants filed their motions for
a new trial and in arrest of judgment, each of which
was, by the court, overruled, to which action of the
court the defendants duly excepted and timely appealed
the cause to this court.

I. There is but one question presented by this
record and that is one of law. The contention of the
appellants is this, that the will gave to the widow and
son each a life estate in the one-half of the property of
the testator, and a contingent remainder in and to
the other half, and when the contingency failed, the
heirs of the life tenant took the remainder, in fee;
while, upon the other hand, the respondent contends
that the will disposed of the entire estate and gave to

the widow and to the son each a base fee in an undivided one-half thereof, with a provision in the will that the estate so devised to each should terminate and be divested from the one who died first, and transferred to and invested in the survivor, and the widow having died first, the devise to her was by her death terminated, and, by the terms of the will, transferred and vested in the son in fee simple; and as the happening of the contingency, which might have terminated his estate, has become impossible by the death of the widow, he then took the land devised to her, at her death, discharged of the contingency, and became the owner of an absolute fee simple title thereto, instead of a base fee, which he owned prior to her death; and that his warranty deed of December 20, 1883, conveyed to the Lyles a perfect title in fee to the half interest so devised in the first instance to her and then to him by a conditional limitation.

In the construction of a will the paramount question with the court always is, what disposition did the testator intend to make of his property? That intention should be the court's guiding star and should not be lost sight of for a moment while construing his will. In order to throw light upon his intention, we have the right to look at the conditions and circumstances surrounding the testator at the time he executed the will in conjunction with the provisions of the will itself.

The testator, William W. Dougherty, died seized in fee of the land in controversy, and left surviving him his widow, Lucetta I. Dougherty, and his only child and heir, Sylvester S. Dougherty, and to them he made the following devises:

"I give, devise and bequeath unto my beloved wife, Lucetta I. Dougherty, and to her heirs, one-half of my property, real, personal or mixed, to have, hold, control, use and manage as she may see fit and proper during her natural life, and should my beloved son, S. S.

Dougherty, survive her, at her death the property, real and personal, undisposed of shall belong to him."

"I give, devise and bequeath unto my said son, S. S. Dougherty, and to his heirs, one-half of my property, real and personal or mixed, to have, hold, control, use and manage as he may see fit and proper during his natural life, and should my beloved wife, Lucetta I. Dougherty, survive him, at his death the property, real and personal, undisposed of shall belong to her."

In looking at this will, from corner to corner and from top to bottom, one is impressed from the outset that the testator intended by his will to dispose of his entire estate to his widow and son. They were the natural objects of his bounty, and, in so far as this record discloses, they were the sole persons who had any claim upon his generosity. In addition to this intention appearing upon the face of the will, it is presumed in the construction of a will that the testator intended to dispose of his entire estate, and not to carve out a particular estate and dispose of that, leaving the remainder to descend to heirs at law, according to the Statute of Descent and Distribution. [RoBards v. Brown, 167 Mo. 447; Hurst v. Von De Veld, 158 Mo. 239; Yocum v. Siler, 160 Mo. 281; Watson v. Watson, 110 Mo. 170.]

The property described in the first paragraph of the will above set out is not involved in this litigation, because, by the express terms of the will, the one-half of the estate which was devised to the widow passed to and vested in the son, Sylvester, upon her death; and their warranty deed, executed on December 20th, 1883, to Humphrey and Robert Lyle, conveyed to them all of their present and subsequently acquired title thereto.

The clause of the will involved in this case is not free from ambiguity. It says: "I give, devise and be-

205 Sup—21

queath unto my said son, Sylvester S. Dougherty, and to his heirs, one-half of my property, to have, hold, control, use and manage as he may see fit and proper during his natural life." If it were not for the last four words in the clause of the will, just quoted, which are "during his natural life," the meaning of the testator would be clear, and the will would then read: "I give, devise and bequeath unto my son, Sylvester S. Dougherty, and unto his heirs," etc.

A conveyance of land, by will or deed, at common law or under our statutes, to a person and his heirs creates and vests in him a fee simple title to the land, the most complete and perfect title known to the law. [1 Washburn on Real Property (6 Ed.), secs. 85, 86; Tiedeman on Real Property, sec. 37; Yocum v. Siler, 160 Mo. 281.]

Such a conveyance gives to the grantee the absolute and exclusive title, and does not create a tenancy in common between him and his heirs. [Yocum v. Siler, 160 Mo. 281.]

But, unfortunately, the words "during his natural life," are found in the will, and it must be considered with them as a part thereof. The first clause of that paragraph clearly indicates the intention of the testator to dispose of one-half of the land to his son in fee and not for life. This intention is manifested by the use of the words "unto my son, Sylvester S. Dougherty, and unto his heirs." The testator could not have selected more suitable or more appropriate words to express that intention than the words so used by him in this will; but in the latter part of the same clause we find the limitation mentioned, couched in the words "during his natural life."

The will should be so construed that this apparent conflict between the clauses should be reconciled and harmonized, if possible.

In the case of Yocum v. Siler, supra, the fifth

clause of the will was in the following words: "To my well beloved son, William F. Yocum, my natural son, I bequeath absolutely the northwest quarter . . . with the express understanding and restriction, namely, that if my said son dies without legal issue, descendants of his, legitimate issue of his," then to, etc. This court in an able and well-considered opinion held, that said clause of that will gave William F. Yocum a fee in the land; and in speaking for the court, GANTT, J., said: "The Statute of Wills of 1845, then in force, and still the law of this State, required 'all courts and others concerned in the execution of last wills to have due regard to the directions of the will, and *the true intent and meaning of the testator* in all matters brought before them.' [R. S. 1845, sec. 51, p. 1086.] The same statute was still in force when this will was executed. [R. S. 1879, sec. 4008.] This is also a general canon for the construction of wills irrespective of the statute. By the words 'bequeath absolutely' he unquestionably intended to devise to his said son his whole estate in said lands. These words are ample for that purpose in a will, and it is unnecessary to cite precedents to establish that it has been often so held. It is also settled by many well-considered cases that when the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be cut down to any less estate by subsequent or *ambiguous words, inferential in their intent.* [Small v. Field, 102 Mo. 104; Clark v. Leupp, 88 N. Y. 228; Lambe v. Eames, L. R. 10 Eq. Cas. 266.] The words 'heirs and assigns' or 'heirs and assigns forever' were not necessary to create a fee simple when this will was executed, nor when probated."

In the case at bar the intention of the testator is much more pronounced in favor of giving his son a fee in the land than it was in the Yocum-Siler case, supra,

because here the testaor used the word "heirs," which is the ideal word to create a fee; while in the Yocum case the words employed were "bequeath absolutely," which at common law were insufficient to convey a fee, and are now sufficient only by virtue of statutes; but the words "heirs and assigns" have always been held sufficient to convey a fee, both at common law and under the statute. And in the case at bar, the subsequent words, "during his natural life," found in the latter part of the clause of the will which gives the fee to the son, and which appellants claim cuts that fee down to a life estate, are no stronger nor more expressive of the testator's intention of limiting the estate for the son's life than were the words used in the Yocum will. In that case, the words of limitation are, *"with the express understanding and restriction, namely, that if my said son dies without issue, descendants of his, legitimate issue of his, said lands shall pass to,"* etc.

While the rule announced in the Yocum case is applicable to the facts of this case, yet we are not required to go to the same length in this case as we did in that in order to carry out the intention of the testator, because his intention here is not expressed in just the one clause of the will but is manifested in other portions and is strongly reflected from the entire face of the instrument. As before stated, the whole will upon its face shows clearly the testator thought he was disposing of his entire estate and was giving it to his widow and son, his only heirs; and it is manifest therefrom that he intended and desired each of them to possess and enjoy their respective portion of the estate during their natural lives, and that upon the death of either the survivor was not only to retain the portion of the estate devised to him or her, but the portion given to the other at his or her death was to terminate, by the happening of that contingency, and be transferred to and become invested in the survivor. By construing to-

gether these two paragraphs of the will which give the widow one-half of the estate and to the son the other half, it is clearly seen that the testator gave to each of them a base, qualified or determinable fee, the first of which is in these words: "I give . . . to my beloved wife . . . and her heirs, one-half . . . during her natural life, and should my beloved son : . . survive her, at her death . . . the property . . . undisposed of shall go to him," and the second is as follows: "I give . . . unto my said son . . . and unto his heirs one-half . . . during his natural life, and should my beloved wife . . . survive him, at his death the property . . . undisposed of shall belong to her." In other words, he gave by the first paragraph to his widow and her heirs one-half of his property in fee, to be divested from her and invested in the son, if she should die first, and in the meantime she was to have the possession and use of her portion, until the death of the one or the other; and by the second paragraph he gave to his son and his heirs one-half of the property, in fee, to be divested from him and invested into her, if he should die first, and until the death of one or the other he was also to possess and enjoy the portion given to him. As before stated, this gave each a base fee in one-half of the estate, and upon the death of either the base or determinable fee was to terminate and be transferred to and vested in the survivor in fee simple absolute.

Mr. Tiedeman defines a base fee in the following words: "Whenever a fee is so qualified as to be made to determine, or liable to be determined, at the happening of some contingent event or act, the fee is said to be base, qualified or determinable. There are four classes of such fees, viz: fee upon condition, fee upon limitation, a conditional limitation and a fee conditional at common law." [Tiedeman, Real Property, p. 28, secs. 44, 271.]

Mr. Washburn, in his able work on Real Property, says: "Among the instances put by way of illustrating a determinable fee is a limitation to one and his heirs, peers of the realm or lords of the manor of Dale, or so long as a certain tree stands, or until the marriage of a certain person, or till a man shall go to or return from Rome, or till certain debts are paid, or so long as A or his heirs shall pay B a certain sum per annum, or so long as St. Paul's shall stand, or until a prescribed act shall be done, or until a minor shall attain the age of twenty-one years, and the like. So, a grant to a canal corporation 'so long as used for a canal' was held to be a qualified fee." [1 Washburn on Real Property (6 Ed.), p. 80, sec. 167.]

And, as said by this court in the Yocum-Siler case, supra, "If so, it must be that the estate devised to the son is a conditional fee; that is, an estate of a freehold nature which will enlarge to a fee upon the happening of a condition precedent or subsequent, or upon the failure of such condition will remain an estate of a freehold nature during the life of the first taker, but will be less than a fee," and the same case continues by quoting with approval from 1 Blackstone (Chitty's) marg. p. 154, where he says: "An estate on condition expressed in the grant itself is where an estate is granted, either in fee simple or otherwise, with an express qualification annexed, whereby the estate granted shall either commence, be enlarged, or be defeated, upon the performance or breach of such qualification or condition. These conditions are, therefore, either precedent or subsequent." [Yocum v. Siler, 160 Mo. l. c. 313; Halbert v. Halbert, 21 Mo. 282; Moore v. Wingate, 53 Mo. 410; 2 Rice on Real Property, secs. 278, 288.]

We are, therefore, of the opinion that the will in question gave to the widow and son each a freehold estate for the life of the one who might first die in and to

the lands in controversy, with cross-determinable fees, in remainder; the one to be "enlarged" into and become an estate in fee simple, in the one who should survive, who was the son in this case.

By the death of the widow, the contingency which might have "determined" his qualified or base fee was made impossible, and his base fee was by her death enlarged into a fee simple absolute; and, by her death, the qualified or conditional fee which was devised to her was "defeated," and thereby transferred to and became invested in her son.

This clearly carries out the intention of the testator. He intended that both, the widow and son, should enjoy his bounty during their joint lives, and upon the death of either the survivor was to take the remainder in fee. On the death of the widow, the son took the fee to the entire estate, and his warranty deed of December 20th, 1883, made to the Lyles, conveyed to them and their grantees all of his after-acquired title to said lands. This being true, the children of Sylvester S. Dougherty took no interest or estate in or to the lands in controversy by virtue of their grandfather's will, and they have no such interest now.

It follows from what has been said that the judgment of the circuit court was for the right party and must be affirmed, and it is so ordered. All concur.