CAROLINE M. WALTER v. JOSEPH F. DICK-MANN, Sheriff of St. Louis, and JULIUS E. GREFFET, Appellants, and JOHN S. GUHMAN and MARY A. GUHMAN.

Division Two, April 9, 1918.

1. **WILL: Perpetuity: Trust Estate: Gift of Income Only.**  The clause of a will by which testatrix gave three thousand dollars to a trustee, who was required "to pay to Mary A. Guhman, wife of my grandson, John S. Guhman, the net income of said trust fund during her natural life;  after her death the net income is to be paid to my grandson, John S. Guhman, for and during the term of his natural life, and after his death to be paid in equal shares to the children of my grandson, and to them and their heirs and assigns forever," is not obnoxious to the rule against perpetuities, is not void, but vested the title of the fund in the children of the grandson;  and therefore certain real estate devised to testatrix's daughter could not be sold under execution and judgment against said grandson on the theory that said clause was void and testatrix died intestate as to him.

2. ———: Construction: Ambiguities.  Where the real intention of the testatrix may be carried out by giving effect to the language used according to its well established legal significance, it is not necessary to resort to rules of construction employed for the solution of ambiguities.

3. ———: ———: Words of Purchase.  The words "their heirs and assigns forever" used in a will after designated legatees, are not words of purchase, but words of limitation.

4. ———: ———: ———: To Heirs and Assigns Forever: Vested Estate.  The trust clause of the will gave three thousand dollars to a trustee and required the net income to be paid to the wife of

a grandson during her life, and after her death the net income to said grandson during his life, "and after his death to be paid in equal shares to the children of my grandson, and to them and their heirs and assigns forever." *Held*, that these last words· constitute a positive direction to the trustee without limit, qualification or contingency, and their intention and legal effect were to vest in the children of the grandson, after his death, the equitable title to the income arising from the fund.

5. **EQUITABLE ESTATES**: Incidents: Trustee. Equitable estate are subject to the same incidents, properties and consequences that belong to estates at law. That a trustee intervenes between their creation and their enjoyment does not affect the significance of the words used to create them nor prevent the vesting of the title in the legatees.

6. **INCOME**: Unlimited as to Time: Vestment of Corpus. A bequest of the income, use or occupation of any specific property, without qualification or limit as to time, is in effect a bequest of the corpus of the property. And the rule applies whether the gift be direct or through the intervention of a trustee. And it applies to active trusts in every case where the trust involves the gift or bequest of an income without limit as to time.

Appeal from St. Louis City Circuit Court.—*Hon. W. M. Kinsey*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) As the trust created in clause seventh of the will of Mary Walter is not restricted to a life or lives in being and twenty-one years it violates the law as to perpetuities and is void. 30 Cyc. 1483; Sheppard v. Fisher, 206 Mo. 208. (2) The intention of the testatrix must be gathered from the words employed in the will. Thompson on Wills, p. 136, sec. 157; 1 Schouler on Wills (5 Ed.), p. 586, sec. 466; 2 Woerner's Am. Law of Adm. (2 Ed.), sec. 414, p. 870; Hurst v. Van de Veld, 158 Mo. 239; Settle v. Shafer, 229 Mo. 561. (3) And this is true although the intention so expressed may appear to the court or to others as absurd. 30 Am. & Eng. Ency. Law (2 Ed.), p. 663; Board of Trustees v. May, 201 Mo. 360; Elliot v. Topp, 63 Miss. 138; Marshall

v. Hadley, 50 N. J. Eq. 547; Jackson v. Hoover, 26 Ind. 511. (4) Clause seventh of the will being void, the will must be construed as though that clause did not appear therein. Sandusky v. Sandusky 261 Mo. 351; Lurie v. Radnitzer, 166 Ill. 609;. Ramsdill v. Wentworth, 101 Mass. 125. (5) John S. Guhman being mentioned only in the void clause of his grandmother's will, she died intestate as to him, since there is nothing to show that he was intentionally omitted therefrom. R. S. 1909, sec. 544; Thomas v. Black, 113 Mo. 66.

*Muench, Walther & Muench* for respondent.

(1) The cardinal rule to be followed in the construction of every will is that the true intention of the testator should be discovered, and then followed. R. S. 1909, sec. 583; Burnet v. Burnet, 244 Mo. 491; Freeman v. Maxwell, 262 Mo. 13; Middleton v. Dudding, 183 S. W. 443. (2) In case of an actual ambiguity, that construction will be adopted which will leave the will as an effective instrument, rather than a construction which would invalidate the same. 2 Jarman on Wills (6 Ed.), p. 2208; 30 Cyc. 1499, 1515. And the estate will be held a vested, rather than a contingent one, where doubt exists. Collier Will Case, 40 Mo. 287; Deacon v. Trust Co., 197 S. W. 265; Tindall v. Tindall, 167 Mo. 225; Cox v. Jones, 229 Mo. 53. (3) A will should be so construed as to dispose of the entire estate, unless a different intention be clearly expressed. Farish v. Cook, 78 Mo. 212; Webb v. Archibald, 128 Mo. 299. And the fact that a will was made, raises the presumption of law that the testator intended to, and did, dispose of all his property. Mudd v. Cunningham, 181 S. W. 386; Griffith v. Witten, 252 Mo. 643. (4) The trust estate created under clause seven of the will ran for the joint lives of John S. Guhman and Mary A. Guhman, his wife, but vested in their children as to the remainder, immediately upon the death of testatrix, to become executed in them upon the death of the last surviving life-

tenant. Deacon v. Trust Co., 197 S. W. 261; Mettler v. Warner, 243 Ill. 600. (5) Even though clause seven could be held void, as in violation of the rule against perpetuities, yet John S. Guhman was so fully "named" in the will, and so completely shut out from participation in the remaining estate of his grandmother, as to leave him no vendible interest in that estate. Sec. 544, R. S. 1909; Guitar v. Gordon, 17 Mo. 412; Fugate v. Allen, 119 Mo. App. 188; Block v. Block, 3 Mo. 594; Beck v. Metz, 25 Mo. 70; Hockensmith v. Slusher, 26 Mo. 237; McCourtney v. Mathes, 47 Mo. 533; Pounds v. Dale, 48 Mo. 270; Wood v. Drake, 135 Mo. 393.

WHITE, C.—The plaintiff sought to enjoin the sale under execution by defendant Joseph Dickmann, sheriff, of certain real estate. The execution was issued on a judgment in favor of defendant Julius E. Greffet and against defendant John S. Guhman. The property was levied upon as the property of defendant John S. Guhman, and plaintiff brought this suit to restrain the sale, claiming the real estate was her own and such sale would cloud her title. On the filing of the petition the trial court granted a temporary injunction, which on a final hearing was made perpetual; the sheriff and Greffet appealed.

The land upon which the levy was made was devised to the plaintiff, Caroline M. Walter, by her mother, Mary Walter, who died in 1909. John S. Guhman was the grandson of Mary Walter; his mother, a daughter of Mary Walter, died before the death of her mother. Appellants claim that John S. Guhman, by descent, had an interest subject to levy for the payment of his debts in the real estate, which was given by the will to other devisees. This, on the theory that he was not "named or provided for" in the will, as required by the statute. However, the will has the following clause in relation to John S. Guhman:

"Seventh: I give and bequeath to William H. Hauschulte the sum of three thousand dollars in trust,

however, for the following uses, benefits and purposes, to-wit: He, the said trustee, is to pay to Mary A. Guhman, wife of my grandson, John S. Guhman, the net income of said trust fund during her natural life; after her death the net income is to be paid to my grandson, John S. Guhman, for and during the term of his natural life, and after his death to be paid in equal shares to the children of my grandson, and to them and their heirs and assigns forever. Should the said trustee, William H. Hauschulte, or his successor, at any time during the trust term, deem it fit or advisable to pay over to the said Mary A. Guhman, or my grandson, John S. Guhman, any portion or the whole of said trust fund, he may do so without the sanction or authority of any court or legal inference, whatsoever."

In order to sustain their position appellants assert, and must maintain, two propositions:

First: That this provision in the will for John S. Guhman is void as coming within the rule against perpetuities.

Second: Because that clause is void it cannot be considered in construing the will, citing Sandusky v. Sandusky, 261 Mo. 351. Considering the will with that clause ignored, John S. Guhman was "not named or provided for," is the argument.

Both sides assume that if the limitation over to the "heirs" is within the rule, the entire clause is void.

The contest turns upon the interpretation of the language which gives $3,000 to William S. Hauschulte, in trust, with directions to pay the "net income" of the fund to Mary A. Guhman during her natural life, and "after her death the net income is to be paid to my grandson, John S. Guhman, for and during the term of his natural life, and after his death to be paid in equal shares *to the children of my grandson, and to them and their heirs and assigns forever.*"

Appellants construe it as a continuing trust, the discharge of which requires the payment of the net income arising from the fund not only to Mary A.

Guhman for life and to John S. Guhman for life and
then to his children, but also to their *heirs* forever, as
direct beneficiaries of the trust, so that the absolute
title would not necessarily vest in anyone within the
lives of persons then in being and twenty-one years
threafter; it would therefore be within the rule against
perpetuities and void.

Respondent's construction makes the words "to be
paid in equal shares to the children of my grandson"
refer to the *corpus* of the fund, so that on the death of
Mary A. and John S. Guhman, the trustee may deliver
the fund to their children as their absolute property,
thereby finally executing the trust and leaving no place
for application of the rule against perpetuities.

It does not seem necessary to bring into play rules
of construction employed for the solution of ambiguities.
The real intention of the testatrix may be carried out
by giving effect to the language used according to its
well established legal significance.

The construction of appellants necessarily treats
the words "their heirs and assigns forever" as words
of purchase, whereas under all rules and precedents
they are words of limitation. If words mean anything,
the expression "after his death to be paid in equal
shares to the children of my grandson, to them and
their heirs and assigns, forever," is a positive direc-
tion to the trustee without limit, qualification or con--
tingency. The intention and the legal effect of the
words used was to *vest* in the children of John S.
Guhman, after his death, the equitable title to the
income arising from the fund, a title which they could
assign and which would pass to their heirs by descent.
That a trustee intervenes makes no difference in the
significance of the words used. Equitable estates are
subject to the same incidents, properties and conse-
quences as belong to estates at law. [1 Perry on Trusts
and Trustees (6 Ed.), sec. 357, et seq.; Simmons v.
Cabanne, 177 Mo. 336, l. c. 352; Lich v. Lich, 158 Mo.

App. 400, 1. c. 414; Cornwell v. Wulff, 148 Mo. 542; Young v. Robinson, 122 Mo. App. 187, 1. c. 193.]

There is respectable authority for the doctrine that a vested equitable interest in an income from personal property is not subject to the rule against perpetuities, though title to the *corpus* of the property does not vest within the required time. [Rhodes' Estate, 147 Pa. St. 227.] Without determining the point by application of that doctrine, another well recognized rule may be applied with the same result. A bequest of the income, use or occupation of any specific property, without qualification or limit as to time, is in effect a bequest of the *corpus* of the property. [Baldwin v. Tucker, 61 N. J. Eq. 412; Passman v. Guarantee Trust & Safe Deposit Co., 57 N. J. Eq. 273; Sampson v. Randall, 72 Me. 109; Martin v. Fort, 83 Fed. 19, 1. c. 24; Gulick v. Gulick's Exrs., 27 N. J. Eq. 498; Thompson on Wills, sec. 231; Beilstein v. Beilstein, 194 Pa. St. 152; Cornwell v. Methodist Church, 73 W. Va. 96; McMichael v. Hunt, 83 N. C. 344; Bransfield v. Wigmore, 80 Conn. 11; 2 Jarman on Wills, 1185-6.]

In the case of Baldwin v. Tucker, supra, the executors were authorized to sell certain property, invest the proceeds, and pay the interest accruing to the wife of the testator during life. This provision of the will then follows:

" 'At the death of my said wife the interest so accruing shall be paid equally to my living children or their heirs, share alike,—the children receiving the share coming to my children.' ".

The court in ruling on this said (pp. 413-14):

"It will be observed that the corpus of the estate, as distinct form the interest or income, was not, expressly and in plain terms, disposed of by this clause, and the question is, whether, considering the bequest to be merely of the interest or income of the estate, which had been previously given to the wife for life, such bequests of the interest, being without limitation as to time, is to be construed as effecting a bequest of the

corpus to the person who are legatees of the interest. Upon this point the decisions of our courts have established the rule that a bequest of the interest of personal estate, without any limitation as to continuance, is a gift of the corpus which produces the interest.''

It was then held that the title to the corpus vested in the children on the death of the wife.

In the case of Passman v. Guarantee Trust & Safe Deposit Company, supra, where the gift was of a fund to trustees who were directed to pay the "net income" to the beneficiaries, "their heirs and assigns forever," the court, after stating the rule as above mentioned, said (p. 276): "The same rule applies whether the gift be direct or through the intervention of a trustee." And on page 277: "The operation of the rule is not defeated because some duty in realizing assets and securing and paying the income is cast upon the trustees. In Earl v. Grim, 1 Johns. Ch. 499, executors were directed by the will to rent or sell lands as they saw fit, and, in case of sale, to put the money *at interest* and pay the interest annually to G. P., etc. Chancellor Kent held that those who, by the terms of the will, were entitled to the interest were also entitled to the *principal* of the proceeds of sale. In Philipps v. Chamberlaine, 4 Ves. 51, the testator gave the residue of his real and personal estate to trustees to convert into money and invest, etc., and directed them to pay the *surplus of dividend and interest* to his daughter, son, nieces, etc. The court held that the bequest to the trustee upon trust, *to pay the interest* from time to time without limitation of duration, carried the principal also.''

And further: "In the case under consideration the whole income is given to the *cestuis que trustent,* their heirs and assigns. As between the beneficiaries and the trustees, the latter have no power to refuse the payment of any portion of the income, nor have they any duty to retain the residuary estate for the benefit of any successor in interest.''

In the case of Sampson v. Randall, supra, the will of A. Q. Randall divided the income arising from his property among his relatives. The court in construing the will held it was the duty of the executor to reduce the personal assets of the estate to money and distribute as provided by the will, and said (72 Maine, 112): "But the same rule applies to personal estate as to real estate, namely, the gift of the income is in contemplation of law equivalent to a gift of the property itself . . . if the gift is of the perpetual income, then the donee becomes the absolute owner of the property. So held in Stone v. North, 41 Maine, 265."

So far as we are able to find, the point never has been decided in this State, but the rule as stated seems to obtain in all jurisdictions where the matter has been presented for adjudication, and many English cases are cited in its support. The rule applies to active trusts in every case where the trust involves the gift of an income without limit. Immediately on the death of John S. Guhman the title becomes vested in his children whoever they are and, under the rule just considered, carries with it absolute title to the *corpus* from which the income is derived. That would be true whether the payment of the fund could be enforced at once or the trust continued; that is, whether the title to the fund was legal or equitable. A *vested* title or interest, whether legal or equitable, is never obnoxious to the rule against perpetuities.

It is unnecessary on this view of the case to consider the second proposition of appellants, for the contingency on which it might be pertinent does not arise.

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.