NELLIE VAN EVERY ET AL. v. SUSIE McKAY, Appellants.—53 S. W. (2d) 873.

Division One, October 22, 1932.

356

*R. A. Mooneyham* for appellant.

*McReynolds, McReynolds & Flanigan* for respondent.

FRANK, P. J.—Action by Nellie Van Every and Thelma Hafford, against Susie McKay and Juanita McKay White to determine title to certain real estate in Jasper County.

An agreement made at the beginning of the trial shows who the parties are, and their relation to John C. McKay, the common source of title. That agreement reads as follows:

"It is agreed between the parties that one John C. McKay died in Jasper County, Missouri, about the year 1918, owning all of the farm lands described in the pleadings herein, and that he and his wife, Harriet C. McKay were tenants by the entirety of the two lots in Avilla described in the petition and pleadings, that Harriet McKay survived John C. McKay, that John C. McKay left a will which will be introduced in evidence, and that his estate has been finally settled. That his widow, Harriet C. McKay died in Jasper County, Missouri, about October, 1928, and that she left a will which will be introduced in evidence. That there was born of the marriage of John C. McKay and Harriet McKay two children, Robert B. A. McKay and Barbara J. J. Hafford. I think she is referred to in one will as Jane Hafford. She is the same person as Jennie Hafford referred to in the will of Harriet C. McKay. That the plaintiffs, Nellie Van Every and Thelma Hafford, are the children and only heirs at law of Barbara J. J. Hafford, deceased, who died intestate. That the defendant, Susie McKay, is the widow of Robert B. A. McKay, and the defendant Juanita McKay White is the daughter of Robert B. A. McKay, that Robert B. A. McKay died about December 25, 1928."

John C. McKay, the common source of title died testate in Jasper County, Missouri, in 1918. The second clause of his will reads as follows:

"Second: I give, devise and bequeath all my property, real, personal and mixed, to my beloved wife, Harriet C. McKay, to have and to hold for her own use and benefit during her natural life, with full power to sell and dispose of the same, and to convey an absolute title therein, and to make such disposition of the proceeds thereof as she may desire. The proceeds of such property as my said wife shall dispose of shall remain and constitute a part and parcel of my estate during her lifetime. Subject to her use and the right to sell and dispose of the same, as above provided, and at her death all of my estate after the payment of her debts and burial expenses, shall descend to my daughter and son and their heirs, viz., Barbara J. J.

Hafford, Robert B. A. McKay according to the laws of Missouri, concerning descents and distributions.''

Harriet C. McKay, widow of John C. McKay died testate in Jasper County, Missouri, in October, 1928. By clause two of her will she undertook to devise the land in controversy to her son, Robert A. McKay ''to have and use during his lifetime provided he out lives me, otherwise said farm shall be divided between the legal heirs.'' After making other bequests of personal property which is not involved here, the will makes the following further provisions:

''It is my desire that the remainder of my property, both personal and real be divided, share and share alike, between my son Robert McKay and Jennie Hafford (deceased) whose direct heirs are Nellie Hafford and Thelma Stratton.''

It was shown that Nellie Hafford and Thelma Stratton were the same persons as Nellie Van Every and Thelma Hafford, respondents herein, and that they were the children of Barbara J. J. Hafford sometimes called Jennie Hafford.

Robert A. McKay died testate after the death of his mother, Harriet McKay. The pertinent provisions of his will read as follows:

''Second: I give, devise and bequeath all my property, real, personal and mixed, to my beloved wife, Susie McKay, to have and to hold for her own use and benefit during her natural life with full power to sell and dispose of the same and to convey absolute title therein. The proceeds of such property as my said wife shall dispose of shall remain and constitute a part and parcel of my estate during her lifetime, subject to her use and the right to sell and dispose of same as above provided. And at her death all of my estate, after the payment of her debts and burial expenses shall go to my daughter Juanita (McKay) White, and my granddaughter Rosalie McKay, share and share alike; and in case of the death of either Juanita (McKay) White or Rosalie McKay, the residue and remainder of my estate shall go to the other; and in case of the death of both Juanita (McKay) White and Rosalie McKay the residue and remainder of my estate shall be divided as follows: one-half in equal parts between the then living children of Barbara J. J. Hafford; one-half in equal parts between the then living children of George Harshaw. The share of Rosalie McKay in my estate shall be held in trust until she reaches the age of twenty-one (21) years by Juanita (McKay) White as Trustee, the said Juanita (McKay) White to give good and sufficient bond.''

The Susie McKay mentioned in Robert A. McKay's will is the Susie McKay named as appellant in this case.

The sole appellant is Juanita McKay White, defendant below. The other defendant, Susie McKay did not appeal. Appellant concedes that the decree vesting the title to one-half of the land in respondents, Nellie Van Every and Thelma Hafford is correct. The controversy

relates to the remaining one-half of the land in which appellant, Juanita McKay White and her mother, Susie McKay claim adverse interests.

■ Appellant first contends that by the will of John C. McKay, the common source of title, his wife, Harriet McKay, took a fee simple title to the land. Based on this contention the claim is that as Harriet McKay owned the land in fee her will bequeathing a life estate in one-half thereof to her son, Robert A. McKay, with remainder over to his heirs, vested the title in fee in appellant; she being the sole heir of said Robert A. McKay.

We do not agree to appellant's contention. The will of John C. McKay did not give his widow, Harriet McKay a fee in the land. It only gave her a life estate. Appellant concedes that the will gave her a life estate, but contends that the power of disposal conferred upon her by the will enlarges the estate bequeathed to a fee simple. Such is not the law, and the cases cited by appellant in support of this contention do not so hold. The case of Tisdale v. Prather, 210 Mo. 402, 109 S. W. 41, to which appellant calls special attention holds the contrary. In that case this court said:

"If, as contended by plaintiffs, the will vested a life estate in the land in controversy in Mrs. Tisdale then we agree that the power given her to sell and dispose of the same did not enlarge the estate devised to an estate in fee. [Lewis v. Pitman, 101 Mo. 281; Evans v. Folks, 135 Mo. 397; Grave v. Perry, 197 Mo. 550.]"

We are not unmindful of the rule that "where there is a general devise, without any specifications of the interest devised, and an absolute power of disposition is conferred by the will, the devisee takes a fee," but where there is a devise for life, either in express terms or by clear implication, a superadded power of disposition does not enlarge the life estate into a fee simple. [Gibson v. Gibson, 239 Mo. 490, 144 S. W. 770; Evans v. Folks, 135 Mo. 357, 37 S. W. 126; Sec. 563, R. S. 1929.]

■ It is next contended that if the will of John C. McKay did not give his widow Harriet McKay a fee, then such will, properly construed, gave a life estate in one-half of the lands to Robert A. McKay with remainder to his sole heir, Juanita McKay White.

This contention is based on the following provision of the will: "Subject to her (Harriet McKay's) use and the right to sell and dispose of the same as above provided, and at her death all my estate after the payment of her debts and burial expenses, shall descend to my daughter and son *and their heirs*, viz; Barbara J. J. Hafford, Robert B. A. McKay according to the laws of Missouri, concerning descent and distribution."

The claim is that the words "and their heirs" used in the will immediately following the designation of the son and daughter show that the testator intended to and did bequeath a life estate in the lands to the son and daughter with remainder in fee to their heirs. Such

a construction of the will would give appellant one-half of the land in fee, she being the only heir of testator's son, Robert B. A. McKay. However, the construction contended for cannot be upheld. The words "and their heirs" as used in the will, do not operate to cut down the fee devised to the son. They are words of limitation and not of purchase, and technically they extend the son's estate to an estate of inheritance descendible to his heirs. Repeated decisions of this court so hold. We call attention to what is said in one case. In Garrett v. Wiltse, 252 Mo. 699, 708, 161 S. W. 694, we said:

"(b)  The words 'and heirs,' used in the premises of the deed, following Laura Alice's name, are stressed as of significance by respondent; but those words have no office to cut down her estate to less than a fee. They point the other way. The word 'heirs' connects itself logically with the concept of *inheritance*, with the idea of an ancestor and descent cast; for no man is heir to the living man. *Nemo est haeres viventis*. Accordingly, at common law the word 'heirs' was necessary to pass to a grantee an estate of inheritance. Without it the estate conveyed was for life. True, it is no longer necessary to use the word 'heirs' to pass a fee simple. The common law in that regard is exploded by Section 2870, Revised Statutes 1909, reading: 'The term "heirs," or other words of inheritance, shall not be necessary to create or convey an estate in fee simple, and every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear, or be necessarily implied in the terms of the grant.'

"But whilst the use of the word 'heirs' is not now essential in passing a fee to the named grantee, yet its use or that of the words 'and heirs' or 'heirs and assigns' is not to be allowed, under accepted rules of law, as in anywise making doubtful the intent of a grantor to pass a fee simple title to the named grantee. [Gannon v. Albright, 183 Mo. 1. c. 248 et seq.] Such words, unless controlled or modified by the context, but hark back to and connect themselves with the usages, the learning and the rules of common law conveyancing. They are highly technical and have a fixed meaning and when used in conveyancing, unless manifestly controlled by the context, as said, are held to be words of limitation and not words of purchase."

See, also; Tebow v. Dougherty, 205 Mo. 315, 103 S. W. 985; Gannon v. Albright, 183 Mo. 238, 81 S. W. 1162; Tygard v. Hartwell, 204 Mo. 200, 102 S. W. 989; Walter v. Dickmann, 274 Mo. 185, 202 S. W. 537; McMahill v. Schowengerdt, 183 S. W. 605, 606.

■  We recognize the rule that the word *heirs* "may be used in deeds and wills in the sense of sons, daughters and children, etc., that is, as words of purchase, when the context demands such construction, but the burden is thrown upon him who contends they are words of purchase to rebut the presumption that they are used as words of limitation, i. e., as intended to mean not individuals

but quantity of estate and descent, which in a fixed legal sense they import, and the intent not to use the words in their legal and fixed sense must be unequivocal and not to be misunderstood.'' [Garrett v. Wiltse, supra.] In this connection it is claimed that statements made by John C. McKay before and at the time of the execution of his will tend to show that he intended to devise a life estate to his son and daughter with remainder to their heirs. One witness testified to statements made by testator. His testimony may best be summed up in his own words. He said, ''The substance of my recollections is that old John C. McKay in discussing his will said that he wanted to be sure to exclude his step-children and their heirs.'' Without discussing or determining the competency of this evidence, it will be sufficient to say that the word ''heirs'' as used in the alleged statement of the testator, was used in the same sense and connection that the word ''heirs'' was used in the will. We have heretofore pointed out that the word ''heirs'' as used in the will, did not mean individuals but quantity of estate and descent. The same thing is true as to the use of the word ''heirs'' in the alleged statement of testator. Viewing the will from its four corners, we do not find anything indicating that the words ''and their heirs'' were used as words of purchase. This contention is ruled against appellant.

■ Further contention is made that the will of John C. McKay vested in Harriet McKay a power of disposition which she could exercise by will, and that she did exercise the power by devising a life estate in one-half of the land to her son, Robert A. McKay. with remainder over to his heirs, and said R. A. McKay having died subsequent to the death of Harriet C. McKay, the fee in one-half of the land vested in appellant, Juanita McKay White, the sole heir of said R. A. McKay.

■ The will of John McKay gave Harriet McKay a life estate ·in the land, with a power of disposition. This power of disposition authorized her to dispose of the property during her lifetime. She could not give the property away nor dispose of it by will. This is made clear by the terms of testator's will which provides that the proceeds of such property as she disposed of should remain and constitute a part and parcel of his estate during her lifetime, and at her death all of his estate, after the payment of her debts and burial expenses should descend to his son and daughter. Moreover a mere power of disposition does not authorize a life tenant to dispose of the property by will. We have so held. In Evans v. Folks, 135 Mo. 397, 37 S. W. 126, we said:

''However, as he gave to her a life estate by express words, with a power of disposition, which the law holds to be a mere power, which was not executed during the lifetime of Mrs. Evans by a conveyance of the property under the seventh clause of the will, on her death it passed to the heirs of Nathan Evans and Stacy Evans, youngest son

of William Evans, or those of them who were then living. She could not execute the power by will in the absence of a fee-simple title in her, or authority expressly conferred by the will of her husband; hence no title passed to Mary Morgan under the will of Mrs. Houts, nor by the deed of Mary Morgan to the defendant Mrs. Folks.'' [See, also, Burnet v. Burnet, 244 Mo. 491, 148 S. W. 872.]

Appellant's answer in the court below asked for partition of the land. The court denied partition on the ground that appellant, a remainderman, was not entitled to partition as against the life tenant, Susie McKay. This holding was correct. [Gray v. Clements, 288 Mo. 100, 227 S. W. 111.]

As we construe the will of John C. McKay, the common ancestor, it gave to testator's wife, Harriet McKay, a life estate in the farm lands described in the petition with remainder in fee to testator's two children, Robert A. McKay and Barbara J. J. Hafford. The title to the two town lots described in the petition was in John C. McKay and Harriet McKay, his wife, as tenants by the entirety. Upon the death of John C. McKay, his wife, Harriet McKay, became the owner of said town lots in fee. By the terms of her will she bequeathed the title in fee to said town lots to her son Robert A. McKay and to her daughter Barbara J. J. Hafford (deceased) whose direct heirs are Nellie Van Every and Thelma Hafford, respondents herein. By the terms of the two wills, the son Robert A. McKay became the owner in fee of an undivided one-half of both the farm lands and the two town lots, and the remaining undivided one-half thereof went to respondents herein, children of the deceased daughter, Barbara J. J. Hafford, an undivided one-fourth to each. Robert A. McKay died testate. By the terms of his will he bequeathed a life estate in his undivided one-half of both the farm lands and town lots, with power of sale to his wife, Susie McKay, with remainder over to his daughter Juanita McKay White and to his granddaughter Rosalie McKay, share and share alike. The decree below vested the title to said land and town lots as follows: To plaintiffs Nellie Van Every and Thelma Hafford, each an undivided one-fourth: to defendants Juanita McKay White and Rosalie McKay, each an undivided one-fourth, subject to the life estate and power of sale vested in Susie McKay by the will of her husband, Robert A. McKay.

The decree should be affirmed. It is so ordered. All concur.